IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| LUMINATI NETWORKS LTD., | § § § | |
| *Plaintiff*, | § § | |
| v. | § § | Case No. 2:20-cv-00188-JRG-RSP |
| NETNUT LTD., | § § § | |
| *Defendant*. | § | |

## **REPORT AND RECOMMENDATION**

Before the Court is the Motion to Dismiss filed by Defendant NetNut Ltd. **Dkt. No. 17**. NetNut's Motion seeks to dismiss the above-captioned matter for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2).

### I. BACKGROUND

On June 11, 2020, Plaintiff Luminati Networks Ltd. brought the present action for (1) patent infringement, (2) misappropriation of trade secrets under the Defend Trade Secrets Act ("DTSA"), and (3) misappropriation of trade secrets under Texas state law. Luminati asserts that NetNut infringed U.S. Patent Nos. 10,484,511 and 10,637,968 by providing a residential proxy network ("Proxy Service") through allegedly infringing Accused Instrumentalities. *Id.* at 3–15. Luminati also alleges that Jeffy Binhas and Yakub Kalvo (the "Former Employees") were sales managers for the company Hola Networks Ltd. that is now known as Luminati, and left the company for NetNut. *Id.* at 15–16. Luminati claims that the Former Employees "had access to Luminati confidential know-how and trade secrets, including client lists, client records, client data usage, accounts receivable documents, business plans, marketing research, and related work product." *Id.* at 16. Luminati also asserts the Former Employees were "hired by Defendant to sell Defendant's competing proxy service knowing about [Former Employees'] previous employment

1

by Hola Networks Ltd., now known as Luminati, and benefiting from [Former Employees'] access to Luminati's trade secrets" and "began contacting Plaintiff's customers within months of his formal termination in order to persuade them to purchase competing proxy services offered by Defendant." *Id.* at 16–17. Luminati alleges that "Defendant hired the Former Employees, knowing them to be former employees of Luminati having access to Luminati's trade secrets including Luminati's customers list, which NetNut used to promote its own competing proxy services to the detriment of Luminati." *Id.* at 17.

On August 20, 2020, NetNut filed this motion. Dkt. No. 17. NetNut argues that the case should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction, that the DTSA claim lacks a required allegation that "an act in furtherance of the offense was committed in the United States," and that the state trade secrets claim should be dismissed in view of ongoing Israeli litigation against the Former Employees in their personal capacity. *Id.* Luminati and NetNut are both Israeli companies. Dkt. No. 1 at 1.

NetNut argues that Luminati "makes assertions mirroring its prior allegations against a different Israeli company, BIScience (2009) Ltd., where this Court found jurisdiction." Dkt. No. 17 at 5 (citing *Luminati Networks Ltd. v. BIScience Inc.*, Case No. 2:18-cv-00483-JRG, Dkt. No. 82, 2019 WL 2084426, at *4 (E.D. Tex. May 13, 2019)). NetNut asserts that the key difference between these cases is that BIScience had proxy services in Texas, whereas NetNut does not. *Id.*

Luminati, in the Complaint, asserts NetNut "advertises its proxy servers as located throughout the world, including the United States and upon information and belief has customers and servers located in Texas which implement at least a portion of the infringement herein." Dkt. No. 1 at ¶ 5. Luminati claims "Defendant's servers that provide the functionality performing steps resulting in infringement alleged herein are located throughout the United States, including upon

information and belief in Texas, such as the server providing as a non-limiting example the IP address of 104.245.75.95 from Amarillo Wireless." *Id.* at ¶ 6.

## II. LEGAL STANDARDS

A party may assert lack of personal jurisdiction by motion. Fed. R. Civ. P. 12(b)(2). "Texas' long-arm statute is co-extensive with federal due process requirements, so the personal jurisdiction analysis collapses into a single inquiry of whether jurisdiction comports with due process." *WorldVentures Hldgs., LLC v. Mavie*, No. 4:18-cv-00393-ALM-KPJ, Dkt. No. 296, 2018 WL 6523306, at *4 (E.D. Tex. Dec. 12, 2018); *see Command–Aire Corp. v. Ont. Mech. Sales and Serv. Inc.*, 963 F.2d 90, 93 (5th Cir. 1992); *see also Inamed Corp. v. Kuzmak*, 249 F.3d 1356, 1360 (Fed. Cir. 2001). Under due process considerations, jurisdiction is appropriate where the defendant has at least "minimum contacts" with the forum state. *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

When a nonresident defendant files a motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing personal jurisdiction. *See Icon Health & Fitness, Inc. v. Horizon Fitness, Inc.*, Case No. 5:08-cv-00026-DF-CMC, Dkt. No. 143, 2009 WL 1025467, at *3 (E.D. Tex. Mar. 26, 2009).

"To survive a motion to dismiss in the absence of jurisdictional discovery, plaintiffs need only make a *prima facie* showing of jurisdiction." *Canon, Inc.*, Dkt. No. 114 at *3 (quoting *Nuance Communs., Inc.*, 626 F.3d at 1231 (citing *Trintec Indus., Inc. v. Pedre Promotional Prods., Inc.*, 395 F.3d 1275, 1282 (Fed. Cir. 2005))). When there has not been an evidentiary hearing "the district court must construe all pleadings and affidavits in the light most favorable to the plaintiff" and "accept the uncontroverted allegations in the plaintiff's complaint as true." *Id.* (quoting *Trintec*, 395 F.3d at 1282–83).

### A. General Personal Jurisdiction

For general personal jurisdiction over a corporation, the corporation's "affiliations with the State [must be] so 'continuous and systematic' as to render [them] essentially at home in the forum State." *Daimler AG v. Bauman*, 571 U.S. 117, 138–39 (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)). Being "essentially at home" requires a presence in the forum state equivalent to being incorporated or headquartered there. *Id.*

### B. Specific Personal Jurisdiction

Specific personal jurisdiction exists in disputes that "arise out of or are connected with the activities within the state." *Int'l Shoe*, 326 U.S. at 319. This exercise is reasonable "if the defendant has 'purposefully directed' his activities at residents of the forum and the litigation results from alleged injuries that 'arise out of or relate to' those activities." *Loyalty Conversion Sys. Corp. v. Am. Airlines, Inc.*, Case No. 2:13-cv-00655-WCB, Dkt. No. 127 at *14, 66 F.Supp.3d 795, 803 (E.D. Tex. 2014) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985)). "The plaintiff bears the burden of showing (1) that the defendant purposefully directed its activities at residents of the forum, and (2) that the plaintiff's claim arises out of or relates to those activities." *Id.* at 804.

A third factor, "whether assertion of personal jurisdiction is reasonable and fair" also exists. *Nuance Communs., Inc.*, 626 F.3d at 1231 (citing *Akro Corp. v. Luker*, 45 F.3d 1541, 1545–46 (Fed. Cir. 1995); *see also Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004)). The Supreme Court "advises that the third factor applies only sparingly" and "[w]hen a defendant seeks to rely on the 'fair play and substantial justice' factor . . . 'he must present a compelling case that the presence of some other considerations would render jurisdiction unreasonable.'" *Id.* at 1231 (quoting *Burger King*, 471 U.S. at 477).

### C. Defend Trade Secrets Act

The DTSA provides "[a]n owner of a trade secret that is misappropriated may bring a civil action under this subsection if the trade secret is related to a product or service used in, or intended for use in, interstate or foreign commerce." 18 U.S.C. § 1836(b)(1). A civil claim for misappropriation of trade secrets under the DTSA requires, "(1) a trade secret; (2) misappropriation; and (3) use in interstate commerce." *BIScience Inc.*, Dkt. No. 82 at 18 (citing *N. Am. Deer Registry, Inc. v. DNA Sols., Inc.*, Case No. 4:17-cv-00062-ALM, Dkt. No. 43 at 10, 2017 WL 2120015, at *6 (E.D. Tex. May 16, 2017)); *see* 18 U.S.C. § 1836(b)(1).

### D. Supplemental Jurisdiction

"[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . . ." 28 U.S.C. § 1367(a). Supplemental jurisdiction for a state law claim for trade secret misappropriation would be present if the claim "form[s] part of the same case or controversy."

### III. ANALYSIS

After reviewing Luminati's Complaint, NetNut's Motion, and the corresponding briefing, the Court finds that while there is no general jurisdiction, there is specific personal jurisdiction for the patent claims in the above-captioned matter. With respect to the DTSA claim, Luminati has sufficiently pleaded the elements for a plausible claim under DTSA. With respect to the Texas state law claim for trade secret misappropriation, the Court finds that there is supplemental jurisdiction as it arises from the same case or controversy as the DTSA claim.

### A. General Personal Jurisdiction

It is undisputed that NetNut is an Israeli company located at HaArba'a St 30, Tel Aviv, Israel. Dkt. No. 1 at ¶ 2. For general jurisdiction, NetNut requires a presence in Texas equivalent to being incorporated or headquartered there. Luminati alleges that NetNut conducts business within Texas, committed at least a portion of the alleged infringement there, and derives "substantial revenue from services provided in Texas." *Id.* at 2.

NetNut argues that NetNut is neither incorporated in nor operates any place of business in Texas, is not registered to do business in Texas, does not have a registered agent in Texas, does not have a bank account in Texas, does not have an office or any property in Texas, does not employ personnel in Texas, does not conduct visits to Texas for business, does not attend trade shows or conferences in Texas, and does not specifically advertise to Texas residents as opposed to other locations. Dkt. No. 17 at 8–9. Considering the above, NetNut is obviously not "essentially at home" in Texas and is not subject to general personal jurisdiction here.

### B. Specific Personal Jurisdiction

Luminati alleges in the complaint that "Defendant's servers that provide the functionality performing steps resulting in infringement alleged herein are located throughout the United States, including upon information and belief in Texas, such as the server providing as a non-limiting example the IP address of 104.245.75.95 from Amarillo Wireless." Dkt. No. 1 at ¶ 6. Luminati also asserts that "the Proxy Service includes servers located in Texas." *Id.* at 7. It is this Proxy Service and the Accused Instrumentalities that Luminati's claims of patent infringement are based on. *Id.* at 17–25.

Because there has not been jurisdictional discovery or an evidentiary hearing, the Court accepts the well pleaded allegations in the plaintiff's complaint as true and finds that, for the

purposes of resolving NetNut's Motion, Luminati has pleaded sufficiently to establish specific personal jurisdiction. NetNut has made no showing that this assertion of personal jurisdiction is not reasonable and fair.

### C. Defend Trade Secrets Act

NetNut argues that the trade secrets claims should be dismissed because they are centered in Israel and are currently being litigated in Israel. Dkt. No. 17 at 12. NetNut asserts that the claim based on the DTSA "is lacking because Luminati nowhere alleges that 'an act in furtherance of the offense was committed in the United States.'" *Id.* (citing 18 U.S.C. § 1837(2)).

18 U.S.C. § 1837 provides as follows:

> This chapter also applies to conduct occurring outside the United States if--
> (1) the offender is a natural person who is a citizen or permanent resident alien of the United States, or an organization organized under the laws of the United States or a State or political subdivision thereof; or
> (2) an act in furtherance of the offense was committed in the United States.

18 U.S.C. § 1837. This section regards the two ways that DTSA applies to conduct occurring outside the United States. *Id.* Luminati has not alleged that the conduct it claims violates the DTSA occurred outside the United States.

DTSA provides that "an owner of a trade secret that is misappropriated may bring a civil action under this subsection if the trade secret is related to a product or service used in, or intended for use in, interstate or foreign commerce." 18 U.S.C. § 1836(b)(1). A civil claim for misappropriation of trade secrets under DTSA requires, "(1) a trade secret; (2) misappropriation; and (3) use in interstate commerce." *BIScience Inc.*, Dkt. No. 82 at 18 (citing *N. Am. Deer Registry, Inc. v. DNA Sols., Inc.*, Case No. 4:17-cv-00062-ALM, Dkt. No. 43 at 10, 2017 WL 2120015, at *6 (E.D. Tex. May 16, 2017)); *see* 18 U.S.C. § 1836(b)(1).

7

Luminati alleges in the complaint that "As employees, Mr. Binhas and Mr. Kalvo had access to Luminati confidential know-how and trade secrets, including client lists, client records, client data usage, accounts receivable documents, business plans, marketing research, and related work product." Taking all allegations in the pleading as true, Luminati has sufficiently pleaded the existence of trade secrets.

Luminati also asserts that "Defendant misappropriated Luminati's trade secrets by hiring Luminati's former employees, knowing that each of them had access to Luminati's trade secrets related to Luminati's proxy services as well as a duty to preserve the confidentiality of Luminati's trade secrets, for the purpose of competing with Luminati's proxy services." Dkt. No. 1 at ¶ 59. Taking all allegations in the pleading as true, Luminati has sufficiently pleaded the misappropriation of the alleged trade secrets.

Luminati alleges that "Defendant used this confidential information to promote its competing proxy business . . . ." *Id.* at ¶ 29. Luminati also claims "Luminati has suffered damages in Texas and the United States and Defendant has been unjustly enriched as, upon information and belief, Luminati lost business to Defendant's competing NetNut service as a result of Defendant's misappropriation of Luminati's trade secrets." *Id.* at ¶ 60. Taking all allegations in the pleading as true, Luminati has sufficiently pleaded that the alleged misappropriation of trade secrets interfered in interstate commerce with respect to the competing proxy businesses.

As such, the Court finds that, for the purposes of resolving NetNut's Motion, Luminati has sufficiently alleged a plausible DTSA claim.

### D. State Trade Secrets

The Court has supplemental jurisdiction over Count Four, the state trade secrets misappropriation claim, if the claim "form[s] part of the same case or controversy." 28 U.S.C. §

1367(a). Luminati's allegations in Count Four of the complaint mirror those of the DTSA claim. *See* Dkt. No. 1 at 25–27. As such, the Court finds that the state trade secrets misappropriation claim forms part of the same case or controversy as the DTSA claim. Judicial efficiency greatly favors the adjudication of these two claims together, and so the Court should exercise supplemental jurisdiction over Count Four.

## IV. CONCLUSION

Accordingly, IT IS RECOMMENDED that NetNut's Motion (Dkt. No. 17) be DENIED.

A party's failure to file written objections to the findings, conclusions, and recommendations contained in this report within 14 days bars that party from *de novo* review by the District Judge of those findings, conclusions, and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. Fed. R. Civ. P. 72(b)(2); *see Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*). Any objection to this Report and Recommendation must be filed in ECF under the event "Objection to Report and Recommendations [cv, respoth]" or it may not be considered by the District Judge.

**SIGNED this 21st day of December, 2020.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE