UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| LUMINATI NETWORKS LTD.<br><br>    Plaintiff,<br><br>v.<br><br>NETNUT LTD.<br><br>    Defendant. | Case No.  2:20-CV-00188-JRG<br><br>JURY TRIAL DEMANDED |

**PLAINTIFF'S ANSWER TO NETNUT LTD.'S ANSWER TO COMPLAINT, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS**

Plaintiff, Luminati Networks Ltd. ("Luminati" or "Plaintiff") hereby Answers the counterclaims contained in Defendant NetNut Ltd.'s ("NetNut's") Answer to Complaint, Affirmative Defenses, and Counterclaims ("Counterclaims"), and states as follows:

Luminati denies each and every allegation of fact contained within Defendant's affirmative defenses.  In so denying, Luminati does not admit and expressly denies the existence of any pleading requirement under the Federal Rules of Civil Procedure to respond to such affirmative defenses.  Luminati further denies the allegations and characterizations in Defendant's counterclaims unless expressly admitted in the following paragraphs.

**DEFENDANTS' COUNTERCLAIMS**

**PARTIES**

1. Luminati admits, on information and belief, that NetNut is an Israeli company located at HaArba'a St 30, Tel Aviv, Israel.

1

2. Luminati admits that Luminati is an Israeli company having a principal place of business at 3 Hamahshev St., Netanya 42507, Israel.

## JURISDICTION AND VENUE

3. Luminati admits that Defendant has filed counterclaims arising under the laws of the United States and there is subject matter jurisdiction for those counterclaims. The Court may grant declaratory and other relief pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201(a) and 2202. Except as expressly admitted, Luminati denies any remaining allegations in Paragraph 3 of Defendants' Counterclaims.

4. Luminati admits that on June 11, 2020 Luminati filed a Complaint (Dkt. 1) alleging infringement of the '511 and '968 patents by NetNut. Luminati denies any remaining allegations in paragraph 4 of the Answer.

5. Luminati admits that Luminati has submitted to personal jurisdiction in this Court by bringing this suit against Defendant in this Court. Luminati denies any remaining allegations in paragraph 5 of the Answer.

6. Luminati admits that venue for the counterclaims is proper. Luminati denies any remaining allegations in paragraph 6 of the Answer.

## FIRST COUNTERCLAIM
### (Declaratory Judgment of Invalidity)

7. Luminati repeats and incorporates by reference its answers to the foregoing paragraphs as if fully set forth herein.

8. Luminati denies the allegations of Paragraph 8 of Defendants' Counterclaims.

9. Luminati denies the allegations of Paragraph 9 of Defendants' Counterclaims.

### SECOND COUNTERCLAIM

**(Declaratory Judgment of Noninfringement)**

10. Luminati repeats and incorporates by reference its answers to all the foregoing paragraphs by reference as if fully set forth herein.

11. Luminati denies the allegations in Paragraph 11 of Defendants' Counterclaims.

12. Luminati denies the allegations in Paragraph 12 of Defendants' Counterclaims.

### THIRD COUNTERCLAIM

**(Declaratory Judgment of Invalidity)**

13. Luminati repeats and incorporates by reference its answers to all the foregoing as if fully set forth herein.

14. Luminati denies the allegations in Paragraph 14 of Defendants' Counterclaims.

15. Luminati denies the allegations in Paragraph 15 of Defendants' Counterclaims.

### FOURTH COUNTERCLAIM

**(Declaratory Judgment of Noninfringement)**

16. Luminati repeats and incorporates by reference its answers to all the foregoing as if fully set forth herein.

17. Luminati denies the allegations in Paragraph 17 of Defendants' Counterclaims.

18. Luminati denies the allegations in Paragraph 18 of Defendants' Counterclaims.

## PRAYER FOR RELIEF

19. Luminati denies that Defendant is entitled to the relief requested or to any other relief against Luminati. To the extent a further response to Defendant's prayer is necessary, Luminati denies each and every allegation set forth in Defendant's Demand for Judgement (Paragraphs A through H, inclusive).

## RESERVATION OF DEFENSES

20. Luminati hereby reserves any and all defenses that are available under the Federal Rules of Civil Procedure and the U.S. Patent Laws and any other defenses, in law or in equity that may now exist or become available as a result of discovery and further factual investigation during this litigation.

Dated: March 2, 2021

By: */s/ Ronald Wielkopolski*

S. Calvin Capshaw
State Bar No. 03783900
Elizabeth L. DeRieux
State Bar No. 05770585
Capshaw DeRieux, LLP
114 E. Commerce Ave.
Gladewater, TX 75647
Telephone: 903-845-5770
ccapshaw@capshawlaw.com
ederieux@capshawlaw.com

Mark Mann
Mann | Tindel | Thompson

5

> 300 West Main
> Henderson, TX 75652
> Office 903-657-8540
> mark@themannfirm.com
>
> Korula T. Cherian
> Robert Harkins
> CA State Bar No. 179525
> RuyakCherian LLP
> 1936 University Ave, Ste. 350
> Berkeley, CA 94704
> (510) 944-0190
> sunnyc@ruyakcherian.com
> bobh@ruyakcherian.com
>
> Ronald Wielkopolski
> RuyakCherian LLP
> 1901 L St. NW, Suite 700
> Washington, DC 20036
> (202) 838-1560
> ronw@ruyakcherian.com
>
> *Attorneys for Plaintiff*
> *Luminati Networks Ltd.*

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served this 2nd day of March, 2021, with a copy of this document via electronic mail.

/s/ Ronald Wielkopolski