# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| LUMINATI NETWORKS LTD.,<br><br>           Plaintiff,<br>v.<br><br>NETNUT LTD.<br><br>           Defendant. | Case No.  2:20-CV-00188-JRG |

## DEFENDANT NETNUT LTD.'S MOTION TO STAY
## PENDING *EX PARTE* REEXAMINATION

**TABLE OF CONTENTS**

I.  INTRODUCTION ............................................................................................................. 1

II. BACKGROUND ............................................................................................................... 1

III. LEGAL STANDARD ....................................................................................................... 3

IV. ARGUMENT .................................................................................................................... 4

    A.  The EPR Proceedings Will Simplify The Issues For The Court and Parties .......... 4

    B.  Luminati Will Not Suffer Undue Prejudice .............................................................. 6

    C.  The Case Is In Its Early Stages ................................................................................ 8

V.  CONCLUSION .................................................................................................................. 9

# TABLE OF AUTHORITIES

**CASES**

*AGIS Software Dev. LLC v. Google LLC,*
  No. 2:19-cv-00362, 2021 WL 465424 (E.D. Tex. Feb. 9, 2021) ........................................... 3, 8

*Armor All/STP Prods. Co. v. Aerospace Commc'ns Hldgs. Co., Ltd.*,
  No. 6:15-cv-00781, 2016 WL 6397269 (E.D. Tex. Oct. 28, 2016) .......................................... 5

*Datatreasury Corp. v. Wells Fargo & Co.,*
  490 F. Supp. 2d 749 (E.D. Tex. 2006) ............................................................................. *passim*

*Ethicon, Inc. v. Quigg,*
  849 F.2d 1422 (Fed. Cir. 1988) .................................................................................................. 3

*Stingray Music USA, Inc. v. Music Choice,*
  No. 2:16-cv-00586, 2017 WL 9885167 (E.D. Tex. Dec. 12, 2017) ...................................... 4, 6

*Veraseal LLC v. Costco Wholesale Corp.,*
  No. 2:17-cv-00713, 2018 WL 4524122 (E.D. Tex. May 18, 2018) ................................ *passim*

I.   **INTRODUCTION**

Both patents asserted in this litigation are involved in now-granted *ex parte* reexaminations ("EPRs") filed by Defendant NetNut Ltd. ("NetNut") challenging the validity of all claims asserted by Plaintiff Luminati Networks Ltd. ("Luminati"). The circumstances here favor staying this case pending resolution of the EPRs. The analysis and outcome of the EPRs is highly likely to simplify the issues in the case, there is no prejudice or tactical disadvantage to Luminati, and the case is in its early stages.

II.  **BACKGROUND**

Luminati filed its complaint on June 11, 2020, alleging that NetNut infringes U.S. Patent Nos. 10,484,511 (the "'511 patent") and 10,637,968 (the "'968 patent"), as well as alleged trade secret misappropriation. Dkt. 1. The two asserted patents name the same inventors and share a common specification. Luminati asserts infringement of claims 1, 14, 17, 20, 21, 22, 25, 27, 28, 29, and 30 of the '511 patent, and claims 1, 2, 8, 9, 11, 12, 15, 17, 18, 26, 27, and 28 of the '968 patent.

NetNut filed a request for EPR of the '511 patent on December 4, 2020, and a request for EPR of the '968 patent on January 12, 2021. Dkt. 48, 57. On January 21, 2021 and March 3, 2021, the United States Patent and Trademark Office (the "PTO") issued orders granting the requests for EPRs of the '511 and '968 patents, respectively. Exs. 1, 2.

The PTO is reexamining all asserted claims of both patents. More than that, the PTO is reexamining *all* claims of the '511 patent, finding that "while claims 6-8, 10, 13, 15, 16, 18, 19, 22, and 24 were not specifically identified in the Request [for EPR], they are being added by the Office *sua sponte* because they all depend from claim 1 which has been shown above to have a substantial new question of patentability." Ex. 1 at 26-27. For the '968 patent, all asserted claims

1

are part of the granted EPR, *as well as* claims 19 and 29, which are not asserted by Luminati. Ex. 2 at 7. Therefore, all asserted claims (and more) are being reexamined.

Both EPRs involve multiple layers of rejection for the asserted claims. For the '511 patent, the granted grounds of reexamination include:

- RFC 2187[1] in view of Wessels,[2] RFC 791,[3] and Squid[4] (claims 1-5, 9, 11, 12, 14, 17, 20-22, and 25-30)
- Luotonen[5] in view of RFC 791 (claims 1-5, 14, 17, 20-22, and 25-30)
- Crowds,[6] or Crowds in view of RFC 187 and RFC 791 (claims 1-5, 14, 17, 20-22, and 25-30)
- Gupta[7] (claims 1-5, 14, 17, 20-22, and 25-30)

The granted grounds for the '968 patent EPR include:

- Gupta, or Gupta in view of Ebata[8] (claims 1, 11-12, 17, 26, 28, and 29)

---

[1] Wessels et al., RFC 2187, "Application of Internet Cache Protocol (ICP), version 2" (National Laboratory for Applied Network Research, University of California, San Diego, September 1997.
[2] D. Wessels and K. Claffy, "ICP and the Squid Web Cache," in IEEE Journal on Selected Areas in Communications, vol. 16, no. 3, pp. 345-357, April 1998, doi: 10,1109/49.669043.
[3] Postal, J., "Internet Protocol," STD 5, RFC 791, DOI 10.1 7487/RFC0791, September 1981.
[4] Wessels, D, "Squid: The Definitive Guide," ISBN-10:9780596001629, ISBN-13: 978-0596001629, O'Reilly Media; 1st Ed. (January 1, 2004).
[5] Luotonen A., "Web Proxy Servers," Prentice Hall PTR, 1998 (ISBN 0-13-680612-0).
[6] Michael K. Reiter and Avid D. Rubin, "Crowds: Anonymity for Web Transactions," ACM Transactions on Information and System Security, Vol. 1, No. 1, Pages 66-92 (November 1998).
[7] U.S. Patent No. 6,701,374 to Gupta et al.
[8] U.S. Patent No. 6,513,061 to Ebata et al.

- Proxychains,[9] or Proxychains in view of Proxifier[10] and RFC 2616[11] (claims 1, 2, 8, 9, 11, 12, 15, 17-19, and 26-29)

In the present litigation, the great majority of work for the Court and the parties lies ahead. This is due, in part, to the fact that to-date Luminati has not served a single discovery request to NetNut. Fact discovery closes on June 14, 2021, expert discovery closes on July 19, 2021, and trial is set for November 1, 2021. Dkt. 41 at 1-3. Claim construction briefing and argument have been mooted in this case by a joint motion of the parties, which the Court granted, adopting the claim constructions from the parallel *Luminati Networks Ltd. v. code200, UAB et al.*, No. 2:19-cv-00396 (E.D. Tex.) case. Dkt. 68.

### III. LEGAL STANDARD

"The district court has the inherent power to control its own docket, including the power to stay proceedings." *AGIS Software Dev. LLC v. Google LLC,* No. 2:19-cv-00361, 2021 WL 465424, at *1 (E.D. Tex. Feb. 9, 2021) (internal citations omitted); *see also Ethicon, Inc. v. Quigg,* 849 F.2d 1422, 1426–27 (Fed. Cir. 1988) ("Courts have inherent power to manage their dockets and stay proceedings, including the authority to order a stay pending conclusion of a PTO reexamination." (internal citation omitted)). "How to best manage the Court's docket 'calls for the exercise of judgment, which must weigh competing interests and maintain an even balance.'" *AGIS*, 2021 WL 465424, at *1 (internal citation omitted).

"In deciding whether to stay litigation pending reexamination, courts typically consider: (1) whether a stay will unduly prejudice or present a clear tactical disadvantage to the

---

[9] Proxychains source code, *available at* http://old-releases.ubuntu.com/ubunto/pool/universe/p/proxychains/ (October 20, 2004).
[10] Selected pages from the web site proxifier.com as of February 2008.
[11] Fielding, R., Gettys, J., Mogul, J., Frystyk, H., Masinter, L., Leach, P., and T. Berners-Lee, "Hypertext Transfer Protocol – HTTP/1.1," RFC 2616, DOI 10.17,487/RFC2616, June 1999.

3

nonmoving party, (2) whether a stay will simplify the issues, and (3) whether discovery is complete and whether a trial date has been set." *Veraseal LLC v. Costco Wholesale Corp.*, No. 2:17-cv-00713, 2018 WL 4524122, at *1 (E.D. Tex. May 18, 2018) (internal citation omitted).

## IV. ARGUMENT

Because the EPR proceedings for both asserted patents will simplify or altogether eliminate issues for the Court to address, Luminati cannot claim to suffer undue prejudice from a stay, and the great majority of the Court's and parties' efforts in this case lie ahead, NetNut respectfully requests that the Court grant a stay.

### A. The EPR Proceedings Will Simplify The Issues For The Court and Parties

"A stay is particularly justified when 'the outcome of a PTO proceeding is likely to assist the court in determining patent validity or eliminate the need to try infringement issue.'" *Stingray Music USA, Inc. v. Music Choice*, No. 2:16-cv-00586, 2017 WL 9885167, at *1 (E.D. Tex. Dec. 12, 2017) (internal citations omitted). Where, as here, EPRs have been granted for all asserted claims, simplification is likely. Courts have previously found stays pending completion of reexamination to be beneficial because:

> 1. All prior art presented to the Court will have been first considered by the PTO, with its particular expertise[;]
> 2. Many discovery problems relating to prior art can be alleviated by the PTO examination[;]
> 3. In those cases resulting in effective invalidity of the patent, the suit will likely be dismissed[;]
> 4. The outcome of the reexamination may encourage a settlement without the further use of the Court[;]
> 5. The record of reexamination would likely be entered at trial, thereby reducing the complexity and length of the litigation[;]
> 6. Issues, defenses, and evidence will be more easily limited in pretrial conferences after a reexamination[; and]
> 7. The cost will likely be reduced both for the parties and the Court.

*Datatreasury Corp. v. Wells Fargo & Co.*, 490 F. Supp. 2d 749, 754 (E.D. Tex. 2006) (internal citations omitted). "[R]examination may result in the elimination of most, if not all, of

the issues remaining in the pending litigation" and "[i]f not found invalid, the reexamination will at least likely result in a narrowing and simplifying of the issues before the Court." *Id.*

Cancellation of all the asserted claims would completely resolve all infringement issues in this case, and cancellation of some asserted claims would reduce the number of claims (if any) remaining for trial. To the extent claims are amended by Luminati during the EPRs, those modifications will also impact the claims remaining for a trial. PTO statistics show that 79% of EPRs filed by third-party requesters result in either cancelation of all claims or amendment of those claims, meaning that the reexamination proceedings will likely impact this case in a substantive way. Ex. 3 at 2, PTO *Ex Parte* Reexamination Filing Data (Sept. 2019) at 2. The odds of rejection of claims in this case are especially high, given the PTO's decision to reexamine *all* asserted claims (and more) based on multiple grounds of unpatentability. Indeed, as noted above, the examiner decided *sua sponte* to reexamine all claims of the '511 patent.[12]

NetNut acknowledges that Luminati's claims for misappropriation of trade secrets may not result in simplification due to a stay. However, the significant simplification benefits stemming from the EPRs outweigh any prejudice Luminati may allege in postponing its trade secret allegations. *See Armor All/STP Prod. Co. v. Aerospace Commc'ns Hldgs. Co., Ltd.,* No. 6:15-cv-00781, 2016 WL 6397269, at *4 (E.D. Tex. Oct. 28, 2016) (the significant benefit in the form of simplification of the patent issues flowing from the *inter partes* review outweighs the potential lack of simplification for the non-patent claims). Moreover, Luminati already had an opportunity to litigate these trade secret allegations in Israel and agreed to settle that litigation

---

[12] Third-parties have also requested *inter partes* review of the '511 and '968 patents. *See Teso LT, UAB f/k/a UAB Tesonet et al v. Luminati Networks Ltd. f/k/a Hola Networks Ltd.*, IPR2021-00122 (P.T.A.B.) (challenging '511 patent); *Teso LT, UAB f/k/a UAB Tesonet et al v. Luminati Networks Ltd. f/k/a Hola Networks Ltd.*, IPR2021-00249 (P.T.A.B.) (challenging '968 patent). Those proceedings are pending and awaiting decisions on institution.

with the two NetNut employees involved. *See* Dkt. 36-3 at 4. Luminati's choice to initially assert such allegations in Israel (rather than this Court) indicates the lack of urgency Luminati has shown in having them resolved by the Court.

Lastly, a stay pending resolution of the EPRs should significantly curtail the Court's and parties' pre-trial activities, reduce the scope of issues in dispute, limit the parties' briefing on substantive issues, lower Luminati's damages request, and minimize the complexity of the issues for the jury. By staying this case until the EPRs have been resolved, the Court would also avail itself of the PTO's "technical expertise" with respect to the technical issues raised by the asserted patents and the prior art. *Datatreasury*, 490 F. Supp. 2d at 754. Accordingly, the odds of simplification of this case through EPRs is high and this factor strongly weighs in favor of a stay.

### B.     Luminati Will Not Suffer Undue Prejudice

Considerations of "whether a stay will unduly prejudice or present a clear tactical disadvantage to the nonmoving party" (*Veraseal*, 2018 WL 4524122, at *1) can also be relevant to the stay analysis. Here, this factor supports granting a stay.

Luminati's actions demonstrate that a stay would cause it no undue prejudice. As noted above, Luminati has failed to serve any discovery requests to NetNut, despite the Court's Discovery Order being issued on October 13, 2020—nearly *five months ago*. Dkt. 42. In addition to Luminati's failure to prosecute this case, Luminati chose not to seek a preliminary injunction. *See Stingray*, 2017 WL 9885167, at *2 ("the plaintiff did not move for a preliminary injunction, which contradicts [its] assertion it cannot wait for a decision on infringement."). This factor also supports a stay because any potential prejudice Luminati may assert regarding the receipt of alleged damages later rather than sooner is minimal and entirely compensable through the ordinary damages phase of the litigation. As the Court has recognized "a stay does not diminish monetary damages to which a successful infringement plaintiff is entitled." *Id.*; *see also*

6

*Versaseal*, 2018 WL 4524122, at *1 ("A stay would delay the award of any damages, but such delay alone is not undue prejudice."). Similarly, with respect to Luminati's trade secret allegations, Luminati initially chose to litigate the allegations against the two NetNut employees in Israel, rather than this Court. *See* Dkt. 36-3 at 4. This too indicates Luminati's lack of urgency in having its claims resolved by the Court.

Luminati's lack of undue prejudice is also evidenced by its decision to file the instant case against NetNut well after it filed other cases on the same asserted patents. In particular, Luminati asserted the '511 patent in *Luminati Networks Ltd. v. BI Science (2009) Ltd.*, No. 2:19-cv-00397 (E.D. Tex.) on December 6, 2019, asserted the '511 patent in *Luminati Networks Ltd. v. code200, UAB et al.*, 2:19-cv-00396 (E.D. Tex.) on December 6, 2019,[13] and asserted the '511 patent in *Luminati Networks Ltd. v. Tefincom SA d/b/a NordVPN*, 2:19-cv-00414 (E.D. Tex.) on December 31, 2019.[14] But as noted above, Luminati waited nearly six months more, until June 11, 2020, to file the present suit against NetNut.

Importantly, staying the case pending the EPRs will avoid unnecessary expenses and burdens for not only NetNut, but also for Luminati. Because expending resources on patent claims that are eventually cancelled is not in the interest of either party, a stay would avoid this form of potential prejudice for all parties. *See Datatreasury*, 490 F. Supp. 2d at 754 (listing likely reduced costs both for parties and Court as reason favoring stay).

---

[13] Luminati also asserted the '968 patent in this case in an Amended Complaint on June 9, 2020. *Luminati Networks Ltd. v. code200, UAB et al.*, 2:19-cv-00396, Dkt. 26 (E.D. Tex. June 9, 2020).

[14] Luminati also asserted the '968 patent in this case in an Amended Complaint on November 12, 2020. *Luminati Networks Ltd. v. Tefincom SA d/b/a NordVPN*, 2:19-cv-00414, Dkt. 22 (E.D. Tex. Nov. 12, 2020).

To the extent that the Court is unwilling to grant this motion based on the lack of statutory estoppel resulting from EPR proceedings, NetNut is willing to stipulate that it will not assert the prior art grounds being raised in the EPRs at trial in this case if a stay is granted. Courts have found that plaintiffs are at a tactical advantage, rather than disadvantage, where motions to stay EPRs are granted in conjunction with such a stipulation, and in such instances the "[p]laintiff is afforded both the advantage of *ex parte* proceeding and an estoppel effect." *Datatreasury*, 490 F. Supp. 2d at 754.

For all of these reasons, Luminati would suffer no cognizable prejudice from a stay, and thus this factor also supports a stay.

### C. The Case Is In Its Early Stages

The Court may consider "whether discovery is complete and whether a trial date has been set" in the stay analysis. *Veraseal*, 2018 WL 4524122, at *1 (internal citation omitted).

Discovery in this case is still in its early stages. Substantial completion of producing non-email documents occurs on March 10, 2021 and to-date Luminati has only produced 101 documents pursuant to the Local Patent Rules. Dkt. 40 at 3. The parties agreed to procedures for e-mail discovery on March 5, 2021, but have not yet begun that process. Dkt. 72. Fact discovery ends on June 14, 2021, expert discovery ends on July 19, 2021, and trial is scheduled for November 1, 2021. Dkt. 41 at 1-3. As noted above, claim construction briefing and oral argument have been mooted in this case through the parties' joint motion, which the Court granted, adopting the Court's claim constructions from the parallel *Code200* case. Dkt. 68. With all substantive case milestones still ahead for the parties, the case is at an early stage. *See AGIS*, 2021 WL 465424, at *3 (granting stay pending EPRs even "with discovery complete, pretrial briefing submitted, and jury selection pending").

8

Given the early stage of the litigation, this factor also supports a stay. With all of the parties' substantive disputes still remaining ahead for briefing, argument, and decision, the EPRs promise to significantly reduce the scope of those disputes. This will avoid the Court and parties unnecessarily spending resources on cancelled claims, moot allegations of infringement, and likely discovery-related disputes.

## V.  CONCLUSION

For the reasons discussed above, NetNut respectfully requests that the Court stay this litigation pending resolution of NetNut's EPRs of the asserted patents.

Dated: March 8, 2021

Respectfully submitted,

/s/ *Eric H. Findlay*
Eric H. Findlay (TX Bar No. 00789886)
Debby Gunter (TX Bar No. 24012752)
FINDLAY CRAFT, P.C.
102 North College Avenue, Suite 900
Tyler, Texas 75702
Tel: (903) 534-1100
Fax: (903) 534-1137
Email: efindlay@findlaycraft.com
Email: dgunter@findlaycraft.com

Elliot C. Cook
Finnegan, Henderson, Farabow, Garrett & Dunner, LLP
11955 Freedom Drive, Reston, VA 20190-5675
Tel: (571) 203-2738
Fax: (202) 408-4400
elliot.cook@finnegan.com

Cory C. Bell
Finnegan, Henderson, Farabow, Garrett & Dunner, LLP
Two Seaport Lane
Boston, MA 02210-2001
Tel: (617) 646-1641
Fax: (202) 408-4400

cory.bell@finnegan.com

Amy L. Fulton
Finnegan, Henderson, Farabow, Garrett & Dunner, LLP
901 New York Avenue NW
Washington, D.C. 20008
Tel: (202) 408-4438
Fax: (202) 408-4400
amy.fulton@finnegan.com

**Attorneys For Defendant NetNut Ltd.**

**CERTIFICATE OF CONFERENCE**

Pursuant to Local Civil Rule CV-7(h), I hereby certify that on March 5, 2021, lead and local counsel for NetNut (Elliot Cook, Amy Fulton, and Debra Gunter) engaged in a telephonic meet and confer with lead and local counsel for Plaintiff (Robert Harkins, Ron Wielkopolski, and Elizabeth L. DeRieux). Although the parties discussed their positions in good faith, they were unable to reach an agreement. Accordingly, an impasse remains, requiring resolution by the Court.

*/s/Debby Gunter*
Debby Gunter

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above document was served on March 8, 2021 to all counsel of record *via* electronic mail.

*/s/ Eric H. Findlay*
Eric H. Findlay