# Exhibit 2

**UNITED STATES PATENT AND TRADEMARK OFFICE**

UNITED STATES DEPARTMENT OF COMMERCE
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 90/014,652 | 01/12/2021 | 10637968 | NNUT-02-968-EPR | 2947 |

| 131926          7590          03/03/2021 | EXAMINER |
|---|---|
| May Patents Ltd. c/o Dorit Shem-Tov<br>P.O.B 7230<br>Ramat-Gan, 5217102<br>ISRAEL | SAADAT, CAMERON |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3992 | |

| MAIL DATE | DELIVERY MODE |
|---|---|
| 03/03/2021 | PAPER |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.



UNITED STATES PATENT AND TRADEMARK OFFICE

Commissioner for Patents
United States Patent and Trademark Office
P.O. Box 1450
Alexandria, VA 22313-1450
www.uspto.gov

**DO NOT USE IN PALM PRINTER**

(THIRD PARTY REQUESTER'S CORRESPONDENCE ADDRESS)

LISTON ABRAMSON LLP
THE CHRYSLER BUILDING
405 LEXINGTON AVE., 46TH FLOOR
NEW YORK, NY 10174

# *EX PARTE* REEXAMINATION COMMUNICATION TRANSMITTAL FORM

REEXAMINATION CONTROL NO. *90/014,652* .

PATENT UNDER REEXAMINATION *10637968* .

ART UNIT *3992* .

Enclosed is a copy of the latest communication from the United States Patent and Trademark Office in the above identified *ex parte* reexamination proceeding (37 CFR 1.550(f)).

Where this copy is supplied after the reply by requester, 37 CFR 1.535, or the time for filing a reply has passed, no submission on behalf of the *ex parte* reexamination requester will be acknowledged or considered (37 CFR 1.550(g)).

PTOL-465 (Rev.07-04)

| *Order Granting Request For Ex Parte Reexamination* | Control No.<br>90/014,652 | Patent Under Reexamination<br>10637968 | |
|---|---|---|---|
| | Examiner<br>Cameron Saadat | Art Unit<br>3992 | AIA (FITF) Status<br>No |

*--The MAILING DATE of this communication appears on the cover sheet with the correspondence address--*

The request for *ex parte* reexamination filed 01/12/2021 has been considered and a determination has been made. An identification of the claims, the references relied upon, and the rationale supporting the determination are attached.

Attachments:   a)☐   PTO-892,   b)☒   PTO/SB/08,   c)☐   Other: ____

1. ☒   The request for *ex parte* reexamination is GRANTED.

      RESPONSE TIMES ARE SET AS FOLLOWS:

For Patent Owner's Statement (Optional): TWO MONTHS from the mailing date of this communication (37 CFR 1.530 (b)). **EXTENSIONS OF TIME ARE GOVERNED BY 37 CFR 1.550(c).**

For Requester's Reply (optional): TWO MONTHS from the **date of service** of any timely filed Patent Owner's Statement (37 CFR 1.535). **NO EXTENSION OF THIS TIME PERIOD IS PERMITTED.** If Patent Owner does not file a timely statement under 37 CFR 1.530(b), then no reply by requester is permitted.

cc:Requester ( if third party requester )
U.S. Patent and Trademark Office
PTOL-471G(Rev. 01-13)                    Office Action in *Ex Parte* Reexamination                    Part of Paper No. 20210225

Application/Control Number: 90/014,652 | Page 2
Art Unit: 3992

# ORDER GRANTING EX PARTE REEXAMINATION

A substantial new question of patentability affecting claims 1-2, 8-9, 11-12, 15, 17-19, and 26-29 of United States Patent Number 10,637,968 (hereinafter "the '968 Patent) is raised by the request for *ex parte* reexamination.

**Information Disclosure Statement**

Regarding IDS submissions MPEP 2256 recites the following: "Where patents, publications, and other such items of information are submitted by a party (patent owner or requester) in compliance with the requirements of the rules, the requisite degree of consideration to be given to such information will be normally limited by the degree to which the party filing the information citation has explained the content and relevance of the information." Accordingly, the IDS submissions have been considered by the Examiner only with the scope required by MPEP 2256.

**References Asserted by Requester as Raising Substantial New Question of Patentability**

- *Gupta et al., U.S. Patent No. 6,701,374 (hereinafter Gupta), Exhibit F*
- Ebata et al. U.S. Patent No. 6,513,061 (hereinafter Ebata), Exhibit G
- Proxifier (Exhibit H)
- *Proxychains source code (Exhibit J)*
- Droms, R., "Dynamic Host Configuration Protocol" RFCs 2131 (Exhibit N)
- Fielding, R "Hypertext Transfer Protocol – HTTP/1.1", RFC 2616 (Exhibit O)
- P. Woundy "Dynamic Host Configuration Protocol (DHCP) Leasequery RFC 4388 (Exhibit P)

Application/Control Number: 90/014,652 Page 3
Art Unit: 3992

## Summary of Prosecution History

Claims 1-2, 8-9, 11-12, 15, 17-19, and 26-29 being requested for reexamination are current claims in the '968 Patent that issued April 8, 2020 from application 16/396,696 filed April 28, 2019.

During prosecution, upon overcoming a double patenting rejection by submitting a terminal disclaimer the examiner issued the following statement of reasons for allowance:

> **Claims 1-29** are considered allowable since when reading the claims in light of the specification, as per MPEP §2111.01 or Toro Co. v. White Consolidated Industries Inc., 199 F.3d 1295, 1301,53 USPQ2d 1065, 1069 (Fed. Cir. 1999), none of the references of record alone or in combination disclose or suggest the combination of limitations specified in **independent claim 1.**
>
> For example, the independent claims contain limitations, *selecting, by the requesting client device, an IP address from the list, wherein the selecting is based on the geographical location; sending, by the requesting client device, to the second server using the second IP address over the Internet in response to the identifying and the selecting, the first content identifier and the selected IP address; and receiving, by the requesting client device, over the Internet in response to the sending, from the second server using the selected IP address, the first content.* Therefore, the Examiner agrees that the limitations of the independent claims, within its environment, is allowable subject matter over the prior art, in light of the specification and in view of the Applicant's arguments.

(See app. 16/396,696, NOA dated 1/27/2020, p. 2-3)

## Relevant IPR proceeding

IPR2021-00249: Petition for *Inter Partes* Review of the '968 Patent - filed on 12/7/2020 and currently pending

Application/Control Number: 90/014,652 Page 4
Art Unit: 3992

**Substantial New Questions of Patentability**

**Issue I:** Requester asserts a substantial new question of patentability involving **claims 1, 17, 26, 28, and 29 as being anticipated by Gupta**, and **claims 11-12 as being rendered obvious by Gupta in combination with Ebata**. Gupta was published on March 2, 2004 and predates the filing date of the '968 Patent as do the various other prior art references. Gupta was not considered by the examiner during the original prosecution. Gupta discloses dynamic insertion of proxies in a network traffic path, in which a client may select from a list of other proxies to add a corresponding thru-proxy tag to insert the selected proxy into the path used for a web request (See Gupta, Col. 10: 11-14).

With respect to the "selecting" step of claim 1, Gupta teaches:

…client 302 generates a request, at step 412, that contains one or more thru-proxy tags that identify a proxy specified in a related response. For example, client 302 uses the default thru-proxy identifier unless it is overridden by a more specific thru-proxy tag identifier(s).

(Gupta, Col. 11: 35-39)

Regarding the "sending" step of claim 1, Gupta discloses:

Client 302 sends the request at step 418. Client 302 may, for example, send the request to a proxy identified in a thru-proxy tag (e.g., proxy 310), or to an intermediary (e.g., one of intermediaries 308). Processing continues at step 402 to process a response to the request, if any.

(Gupta, Col. 11: 40-43)

Gupta also discloses:

When a request contains multiple thru-proxy tags, embodiments of the invention visit the entities in the order in which the thru-proxy tags appear in the request.

(Gupta, Col. 10: 49-51; see also Col. 9:24-64)

Regarding the "receiving" step of claim 1, Fig. 3 of Gupta teaches that a request 304 originating from client device 302 may pass through intermediary proxies 308 (including the second server and the intermediary proxy identified by the selected IP address) before being

Application/Control Number: 90/014,652 Page 5
Art Unit: 3992

forwarded on to a penultimate proxy 310 that finally forwards request 304 on to the origin server (first web server) Fig. 3 further teaches that a response 306 (the first content) to request 304 may pass through penultimate proxy 310 before being passed on to the intermediary proxies 308 (including the second server) and then passed on to client device 302. See Gupta Fig. 3 reproduced below:



FIG. 3

Accordingly, Gupta describes the features that the examiner cited as the reason for allowance of the '968 Patent claims, including the "selecting", "sending" and "receiving" steps that were indicated as being allowable features during prosecution. Since these teachings are directly related to the subject matter considered as the basis for allowability of the patent claims, a reasonable examiner would consider evaluation of the Gupta reference as important in determining the patentability of the claims. Further, the reference was not before the examiner at

Application/Control Number: 90/014,652 Page 6
Art Unit: 3992

the time of Allowance and it provides a non-cumulative teaching of the references previously considered. As such, **it is agreed that Gupta alone or with combinations thereof raise a substantial new question of patentability with respect to claims 1, 11-12, 17, 26, 28, and 29.**

**Issue II:** Requester asserts a substantial new question of patentability involving **claims 1-2, 8-9, 15, 17-19, 26, and 28-29 as being rendered obvious by Proxychains in view of Proxifier and RFC2616 , and claims 11-12 and 27 as being rendered obvious by other combinations thereof**. Proxychains was published prior to the filing date of the '968 Patent as do the various other prior art references. Proxychains, Proxifier, and RFC2616 were not considered by the examiner during the original prosecution.

Proxychains is a software application that forces any TCP connection made by any given application to follow through proxy server or chain of proxy servers. Proxychains provides relevant teachings with respect to the "selecting" step of claim 1 (See p. 41, line 210; p. 8, lines 58-138; p. 12, line 222); the "sending" and "receiving" steps of claim 1 (See p. 15, p. 26-27).

Accordingly, Proxychains describes the features that the examiner cited as the reason for allowance of the '968 Patent claims. Since these teachings are directly related to the subject matter considered as the basis for allowability of the patent claims, a reasonable examiner would consider evaluation of the Proxychains reference as important in determining the patentability of the claims. Further, the reference was not before the examiner at the time of Allowance and it provides a non-cumulative teaching of the references previously considered.
As such, **it is agreed that Proxychains alone or with combinations thereof raise a substantial new question of patentability with respect to claims 1-2, 8-9, 11-12, 15, 17-19, and 26-29.**

Application/Control Number: 90/014,652 Page 7
Art Unit: 3992

## Conclusion

Claims 1-2, 8-9, 11-12, 15, 17-19, and 26-29 of the '968 patent will be reexamined.

**Extensions of Time**

Extensions of time under 37 CFR 1.136(a) will not be permitted in these proceedings because the provisions of 37 CFR 1.136 apply only to "an applicant" and not to parties in a reexamination proceeding. Additionally, 35 U.S.C. 305 requires that ex parte reexamination proceedings "will be conducted with special dispatch" (37 CFR1.550(a)). Extensions of time in ex parte reexamination proceedings are provided for in 37 CFR 1.550(c).

**Waiver of Right to File Patent Owner Statement**

In a reexamination proceeding, Patent Owner may waive the right under 37 C.F.R. 1.530 to file a Patent Owner Statement. Where the patent owner has determined that a statement under 37 CFR 1.530 will not be filed, the patent owner may expedite the reexamination proceeding by filing a paper that indicates that the patent owner waives the filing of a statement under 37 CFR 1.530 and serving the waiver on the requester, if any. This will permit reexamination of the proceeding to proceed pursuant to 37 CFR 1.550(a).

**Amendment in Reexamination Proceedings**

Patent owner is notified that any proposed amendment to the specification and/or claims in this reexamination proceeding must comply with 37 CFR 1.530(d)-(j), must be formally presented pursuant to 37 CFR § 1.52(a) and (b), and must contain any fees required by 37 CFR § 1.20(c). See MPEP § 2250(IV) for examples to assist in the preparation of proper proposed amendments in reexamination proceedings.

**Service of Papers**

After the filing of a request for reexamination by a third party requester, any document filed by

| | |
|---|---|
| Application/Control Number: 90/014,652 | Page 8 |
| Art Unit: 3992 | |

either the patent owner or the third party requester must be served on the other party (or parties where two or more third party requester proceedings are merged) in the reexamination proceeding in the manner provided in 37 CFR 1.248. See 37 CFR 1.550.

**Notification of Concurrent Proceedings**

The patent owner is reminded of the continuing responsibility under 37 CFR 1.565(a) to apprise the Office of any litigation activity, or other prior or concurrent proceeding, involving the '968 patent throughout the course of this reexamination proceeding. The third party requester is also reminded of the ability to similarly apprise the Office of any such activity or proceeding throughout the course of this reexamination proceeding. See MPEP §§ 2207, 2282 and 2286.

All correspondence relating to this *ex parte* reexamination proceeding should be directed:

| | |
|---|---|
| By EFS: | Registered users may submit via the electronic filing system EFS-web, at https://efs.uspto.gov/efile/myportal/efs-registered |
| By mail to: | Attn: Mail Stop "Ex Parte Reexam"<br>Central Reexamination Unit<br>Commissioner for Patents<br>P.O. Box 1450<br>Alexandria VA 22313-1450 |
| By FAX to: | (571) 273-9900<br>Central Reexamination Unit |
| By hand: | Customer Service Window<br>Randolph Building<br>401 Dulany Street<br>Alexandria, VA 22314. |

For EFS-Web transmissions, 37 CFR 1.8(a)(1)(i) (C) and (ii) states that correspondence (except for a request for reexamination and a corrected or replacement request for reexamination) will be considered timely filed if (a) it is transmitted via the Office's electronic

| Application/Control Number: 90/014,652 | Page 9 |
|---|---|
| Art Unit: 3992 | |

filing system in accordance with 37 CFR 1.6(a)(4), and (b) includes a certificate of transmission for each piece of correspondence stating the date of transmission, which is prior to the expiration of the set period of time in the Office action.

  Any inquiry concerning this communication or earlier communications from the examiner, or as to the status of this proceeding, should be directed to the Central Reexamination Unit at telephone number (571) 272-7705.

/Cameron Saadat/
Primary Examiner
Art Unit 3992

Conferees:


/WHC/
Patent Reexamination Specialist
Art Unit 3992

/HETUL B PATEL/
Supervisory Patent Examiner, Art Unit 3992