IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| LUMINATI NETWORKS LTD. § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> NETNUT LTD. § <br> § <br> Defendant. § | CIVIL ACTION NO. <br><br> 2:20-CV-00188-JRG-RSP |

**DEFENDANT NETNUT LTD.'S REPLY IN SUPPORT OF ITS
MOTION TO STAY PENDING *EX PARTE* REEXAMINATION**

Luminati presents five reasons for opposing a stay pending the granted reexaminations of both asserted patents involving all asserted claims: (1) NetNut should have sought *inter partes* review ("IPR") rather than *ex parte* reexamination ("EPR"); (2) NetNut's EPR requests were filed too late; (3) EPRs relatively seldomly involve cancellation of all challenged claims and take too long; (4) Luminati also asserts trade secret claims; and (5) the parties compete. None of these reasons withstand scrutiny.

**I.    NetNut is Not Trying to Game the System by Seeking Reexamination**

NetNut filed EPRs to invalidate the '511 and '968 patents, not to "game the system." Dkt. 76 at 1. On October 29, 2020, a third-party filed an IPR challenging the '511 patent, and on December 7, 2020, the same third-party filed an IPR challenging the '968 patent. *See Teso LT v. Luminati Networks Ltd.*, IPR2021-00122 (P.T.A.B.) ('511 patent); *Teso LT v. Luminati Networks Ltd.*, IPR2021-00249 (P.T.A.B.) ('968 patent). Faced with these preexisting IPRs, the Board would be unlikely to institute follow-on IPR petitions filed by NetNut given its policy disfavoring such petitions. *See Valve Corp. v. Elec. Scripting Prods., Inc.,* IPR2019-00062, 2019 WL

1

1490575, at *1 (P.T.A.B. Apr. 2, 2019) (precedential) (denying, on discretionary grounds, IPR petition filed by one party after previously denying IPR petition filed by different party); Ex. 4, slide 37 (only a 33% success rate of IPR serial petitions in 2020). NetNut accordingly pursued EPR to challenge the validity of the '511 and '968 patents on December 4, 2020 and January 12, 2021, respectively. Both EPRs have been granted, and all asserted claims in this case (plus more) are being reexamined. Dkt. 73 at 1-2. *See Veraseal LLC v. Costco Wholesale Corp.*, No. 2:17-cv-00713, 2018 WL 4524122, at *1 (E.D. Tex. May 18, 2018) (prejudice factor "neutral" where "reexamination was not sought for tactical reasons (other than to prevail on the merits).").

Luminati also notes that NetNut has identified prior art and other invalidity positions in its invalidity contentions beyond the grounds asserted in the EPRs. Dkt. 76 at 7-8. NetNut addressed this in its motion, voluntarily agreeing to "not assert the prior art grounds being raised in the EPRs at trial in this case if a stay is granted." Dkt. 73 at 8. NetNut is willing to make the same stipulation approved by the Court in *Veraseal*: not to "'rely at trial on the prior art references that the Patent Office deemed to raise a substantial new question of patentability,' thus bringing the consequences of unsuccessful reexamination closer in line with those following an unsuccessful inter partes review." *Veraseal*, 2018 WL 4524122, at *2. In terms of NetNut's "theories in its invalidity contentions other than prior art, including indefiniteness, enablement, written description, and on-sale bar activity," Dkt. 76 at 8, these are beyond the scope of IPR estoppel in any event. *See* 35 U.S.C. §§ 315(e)(2), 311(b).

## II.     The Reexaminations Are Timely

Luminati's arguments regarding the stage of the case rest on legal error. The relevant time period when considering a stay is "the stage of the case at which the stay motion is filed." *Cywee Group Ltd. v. Samsung Elecs. Co. Ltd.*, No. 2:17-cv-00140, 2019 WL 11023976, at *6 (E.D. Tex. Feb. 14, 2019); *Arbor Global Strategies LLC v. Samsung Elecs. Co.*, No. 2:19-cv-00333, 2021 WL

66531, at *2 (E.D. Tex. Jan. 7, 2021) ("Usually, the Court evaluates the stage of the case as of the time the motion was filed.") (quoted source omitted).  Luminati's references to post-motion discovery are thus immaterial to the stay analysis.  At the time of NetNut's motion, substantial completion of document production had not occurred and Luminati had not issued a single discovery request to NetNut.  Indeed, the Court has granted stays at later stages of litigation.  *See, e.g.*, *AGIS Software Dev. LLC v. Google LLC*, No. 2:19-cv-00362, 2021 WL 465424, at *3 (E.D. Tex. Feb. 9, 2021) (stay granted "with discovery complete, pretrial briefing submitted, and jury selection pending").

Luminati's argument that NetNut's EPR requests came almost six months after the filing of the complaint does not change the analysis.  Unlike in Luminati's cited case, *Realtime Data LLC v. Action Corp.*, No. 6:15-cv-463, 2016 U.S. Dist. LEXIS 187446, at *9 (E.D. Tex. Nov. 29, 2016), where IPRs were filed "just short of the one-year deadline," here NetNut filed its EPR requests before claim construction briefing was set to begin and before Luminati had served any discovery requests to NetNut.  As the Court has noted, even "a delay of over seven months can be reasonable."  *Emed Tech. Corp. v. Repro-med Sys., Inc.*, No. 2:15-cv-1167, 2016 WL 2758112, at *2 (E.D. Tex. May 12, 2016).

Luminati's delay argument also overlooks its own lack of diligence in bringing and prosecuting this case.  NetNut explained that its motion came nearly five months after discovery opened in this case, yet Luminati had served no discovery requests and did not seek a preliminary injunction. Dkt. 73 at 6.  Luminati previously filed lawsuits asserting the same two patents against other defendants, and filed a trade secret action in Israel involving the same two NetNut employees identified in Luminati's complaint, before bringing the instant action.  *Id*. at 7.  Luminati does not

respond to these indicia of its lack of urgency in litigating this case. *See Cywee*, 2019 WL 11023976, at *4 (delay in bringing lawsuit supports staying case).

### III.     Luminati's Statistics Are Off

Luminati asserts that "in only about 13% of the EPR cases are all the challenged claims cancelled." Dkt. 76 at 1. While it is true that 14% of third-party-requested EPRs (as these are) involve cancellation of all claims, *79%* involve cancellation of all claims or amendments to the claims. Dkt. 73-4 at 2. This likelihood of issue-simplification weighs in favor of a stay. *See AGIS*, 2021 WL 465424, at *2 ("In the context where all claims have been instituted upon, the Court understands that all the claims may potentially be modified, dropped, or canceled in light of such parallel proceedings.").

Luminati also compares the pendency of EPRs until issuance of a *certificate* (25 months) to a dissimilar pendency for IPRs that does *not* involve issuance of a certificate (18 months). Dkt. 76 at 8. If Luminati had accounted for the fact that an IPR *certificate* issues only after "the time for appeal has expired or any appeal has terminated," 35 U.S.C. § 318(b), it would be apparent that EPR is no more lengthy than IPR. Relatedly, Luminati contends that NetNut may appeal the decisions in the EPRs to delay proceedings. Dkt. 76 at 6. Luminati is wrong on the law. *See* 35 U.S.C. § 306 ("patent owner," not requester, may appeal from EPR decisions).

### IV.     Luminati Has Failed to Prosecute its Trade Secret Claims and They Do Not Warrant Denying a Stay

Luminati contends that its interest in litigating its trade secret claims weighs against a stay. Dkt. 76 at 6-7. But at the time of NetNut's motion, Luminati had issued no discovery requests at all and even Luminati's post-motion interrogatories nowhere seek discovery on these claims. Ex. 5. Luminati also does not confront the fact that it previously filed suits in Israel against the two NetNut employees involved in these allegations, refused to settle, and insisted on a trial, only to

4

ultimately agree to a dismissal of the claims without any payment or admission of wrongdoing by the employees. Dkt. 73 at 5-6. NetNut explained that the simplification benefits of the EPRs outweigh Luminati's interest in expeditiously litigating its non-patent claims, consistent with *Armor All/STP Prod. Co. v. Aerospace Commc'ns Hldgs. Co., Ltd.*, No. 6:15-cv-00781, 2016 WL 6397269, at *4 (E.D. Tex. Oct. 28, 2016), Dkt. 73 at 5, and Luminati does not respond.

**V.  NetNut's Small Competitive Footprint Does Not Warrant Denying a Stay**

Luminati argues that the parties' competition weighs against a stay. Dkt. 76 at 5. But according to recent data Luminati posts on its website, Luminati had a global market share of 53.1% in 2019, while NetNut's market share was 1.3%. Ex. 6 at 48. Luminati's generalized prejudice argument does not weigh against a stay. *See Emed Tech.*, 2016 WL 2758112, at *2 (status as competitors not sufficient to deny a motion to stay, or else "a stay would be unavailable in virtually every case involving competitors"). Luminati also does not disagree that its failure to seek a preliminary injunction undercuts its competition-based prejudice argument. *See Stingray Music USA, Inc. v. Music Choice*, No. 2:16-cv-00586, 2017 WL 9885167, at *1 (E.D. Tex. Dec. 12, 2017) ("the plaintiff did not move for a preliminary injunction, which contradicts [its] assertion it cannot wait for a decision on infringement."). Nor does Luminati disagree that any alleged injury it may claim is entirely compensable through monetary damages. *Id.*; *Versaseal*, 2018 WL 4524122, at *1.

Dated: March 26, 2021

Respectfully submitted,

*/s/ Eric H. Findlay*
Eric H. Findlay (TX Bar No. 00789886)
Debby Gunter (TX Bar No. 24012752)
FINDLAY CRAFT, P.C.
102 North College Avenue, Suite 900
Tyler, Texas 75702
Tel: (903) 534-1100

<div style="margin-left: 40%;">

Fax: (903) 534-1137
Email: efindlay@findlaycraft.com
Email: dgunter@findlaycraft.com

Elliot C. Cook
Finnegan, Henderson, Farabow, Garrett & Dunner, LLP
11955 Freedom Drive, Reston, VA 20190-5675
Tel: (571) 203-2738
Fax: (202) 408-4400
elliot.cook@finnegan.com

Cory C. Bell
Finnegan, Henderson, Farabow, Garrett & Dunner, LLP
Two Seaport Lane
Boston, MA 02210-2001
Tel: (617) 646-1641
Fax: (202) 408-4400
cory.bell@finnegan.com

Amy L. Fulton
Finnegan, Henderson, Farabow, Garrett & Dunner, LLP
901 New York Avenue NW
Washington, D.C. 20008
Tel: (202) 408-4438
Fax: (202) 408-4400
amy.fulton@finnegan.com

***Attorneys For Defendant NetNut Ltd.***

</div>

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above document was served on March 26, 2021 to all counsel of record *via* electronic mail.

<div style="margin-left: 50%;">

*/s/ Eric H. Findlay*
Eric H. Findlay

</div>