**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| **LUMINATI NETWORKS LTD.** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **CIVIL ACTION NO.** |
| **v.** | § | |
| | § | **2:20-CV-00188-JRG-RSP** |
| **NETNUT LTD.** | § | |
| | § | |
| **Defendant.** | § | |

**<u>DEFENDANT'S MOTION TO STRIKE INFRINGEMENT CONTENTIONS</u>**

## TABLE OF CONTENTS

I.     BACKGROUND ................................................................................................. 1

II.    LEGAL STANDARD ......................................................................................... 5

III.   ARGUMENT ...................................................................................................... 6

IV.   CONCLUSION .................................................................................................. 7

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Implicit, LLC v. Huawei Techs. USA, Inc.*,
  No. 6:17-CV-00182-JRG, 2018 WL 11182156 (E.D. Tex. July 2, 2018) ...............................5, 6

*Nike, Inc. v. Adidas Am. Inc.*,
  479 F. Supp. 2d 664 (E.D. Tex. 2007) ................................................................................5, 6, 7

*Virnetx Inc. v. Cisco Sys., Inc.*,
  No. 6:10-CV-417, 2012 WL 12546881 (E.D. Tex. Oct. 22, 2012) ............................................6

Defendant NetNut Ltd. ("NetNut") respectfully moves, under Paragraph 9 of the Discovery Order (Dkt. 42), to strike the amended infringement contentions from Plaintiff Luminati Networks Ltd. ("Luminati") served on March 29, 2021. Luminati contends that its amended contentions comply with P.R. 3-6(a)(1) in view of the Court's Order, Dkt. 68, granting the parties' joint motion to adopt the claim constructions issued in *Luminati Networks Ltd. v. Code200, UAB et al.*, No. 2:19-cv-00396 (E.D. Tex.) ("*Code200*"). Ex. 1 at 2.

The Court's constructions in the Order were not "unexpected or unforeseeable," a requirement for amendments under P.R. 3-6(a)(1); the Order simply adopted the constructions the parties jointly proposed. Even looking at the claim construction order in *Code200* itself, there was nothing "unexpected or unforeseeable" to justify Luminati's amendments. Instead, Luminati seeks to add new theories based on a previously uncited public website rather than address the Court's constructions.

## I.      BACKGROUND

While Luminati styled its amended infringement contentions served on March 29, 2021 as the "third" amended contentions, Luminati previously served four prior sets of infringement contentions, on September 9, 2020, December 4, 2020, December 31, 2020, and January 27, 2021.

In *Code200*, where Luminati asserts the same two patents asserted here, claim construction briefing ended before Luminati served its January 27, 2021 contentions here. The Court in *Code200* issued its claim construction order on February 8, 2021. *Code200*, Dkt. 97 ("*Code200* Order").

On February 22, 2021, the parties here jointly moved the Court to adopt the *Code200* Order. Dkt. 66. The Court granted the motion on February 27, 2021. Dkt. 68 (the "Adoption Order").

Luminati served its fifth amended infringement contentions on March 29, 2021 ("the Contentions"), i.e., 30 days after the Adoption Order. Luminati thus used the Adoption Order as

the claim construction ruling for the basis of the amendments in its Contentions under P.R. 3-6(a)(1).

The Contentions make no mention of unexpected or unforeseeable claim constructions. NetNut has made its best effort to identify any plausibly unexpected or unforeseeable constructions, which was difficult because, unlike all of the prior contentions, Luminati flattened this version to remove any textual data and buried the amendments throughout the 263-page document without any identification of what was being changed. Based on NetNut's investigation, however, the Contentions mention nine constructions from the *Code200* Order:

1. **"client device"**: The *Code200* Order adopted Luminati's alternative construction. *Code200* Order at 11, 13.

2. **"first server"**: The *Code200* Order adopted Luminati's construction. *Id.* at 13, 15.

3. **"second server"**: The *Code200* Order added the underlined text to Luminati's construction: "server that is not the client device or the first web server" *Id*. at 13, 15. The addition comes from the language of the construed claim: "second server distinct from the first web server. *Id.* at 15 (emphasis added).

4. **"sending . . . the first content identifier to the web server using the selected IP address"**: The *Code200* Order adds the underlined text to the claim language: "sending . . . the first content identifier to the web server using the selected IP address as either the address of the first server or of the web server." *Id.* at 19. The addition comes from the defendant's brief in *Code200*. *See Code200*, Dkt. 88 at 12 ("the first server could send a request to the web server 'using' the selected IP address as the IP address identifying the first server in the communication with the web server. Alternatively, the selected IP address could be the IP address of the web server itself."). Luminati's amendments in the Contentions do not address the Court's construction. Instead, it applies the construction it hopes to achieve in its pending objections to the construction:



Ex. 1 at 3.

    **5.   "a response time when communicating":** The *Code200* Order adopted a construction of "a response time to a communication with an IP address of the [group/list] of IP addresses," *id.* at 23, which tracks Luminati's arguments that "Defendants provide no basis for asserting that the response time could be understood by a POSA to refer to a communication that does not use the "selected IP address," *Code200*, Dkt. 89 at 7. This is because the group or list of IP addresses is what the IP addresses are selected from in the context of the claims. *Code200* Order at 20-21. Luminati's amendments for this element do nothing more than state the Court's construction.

    **6.   "source address":** The *Code200* Order construed this term to mean "address of the web server." *Id.* at 27. Luminati's amendments do not address the Court's construction. Instead, it applies the construction it hopes to achieve in its pending objections to the construction:



█████████████

Ex. 1 at 4.

7. **"receiving, by the requesting client device, over the Internet in response to the sending from the second server using the selected IP address":** The *Code200* Order repeats the claim language, adding the underlined text: "receiving, by the requesting client device, over the Internet in response to the sending from the second server using the selected IP address <u>as either a sending address or a receiving address</u>." *Code200* Order at 30. This construction tracks Luminati's claim construction argument that "receiving the first content 'in response to the sending, from the second server using the selected IP address' . . . mean[s] that the selected IP address was used by the second server in fetching the first content from the web server." *Id.*

8. **"determining, . . . that the received part of, or the whole of, first content, is valid":** The *Code200* Order changes "the received part" to "a received part" to address the antecedent basis dispute between the parties. *Id.* at 35. The Contentions section addressing claim 8 of the '986 Patent mentions this construction but makes no amendments other than to state the construction.

9. **"periodically communicating":** The *Code200* Order construed this term based on the Court's order in a prior Luminati litigation from December 2019: "repeatedly communicating from time to time." *Id.* at 37. Beyond reciting the construction, the amendments in the Contentions also add an inherency argument:



Ex. 1 at 6.

Despite NutNut's requests, Luminati refuses to provide any explanation beyond the amended contentions themselves. This refusal forced NetNut to develop the above listing.

Beyond adding mentions of the *Code200* constructions, the Contentions sprinkle in references to a previously uncited but publicly available website, netnut.io/integrations, in the sections for the preamble and element 1.b of the '511 Patent and every element of claim 1 and claim 27 of the '968 Patent. These new theories, below, are pasted throughout the Contentions:



Ex. 1 at 5. This form paragraph, however, is never adjacent to the discussions relating to the *Code200* constructions.

## II.   LEGAL STANDARD

"Amendment under P.R. 3-6(a)(1) must be in response to an 'unexpected or unforeseeable' claim construction ruling by the Court." *Implicit, LLC v. Huawei Techs. USA, Inc.*, No. 6:17-CV-00182-JRG, 2018 WL 11182156, at *4 (E.D. Tex. July 2, 2018) (citations omitted). "Whether the Court's claim construction was foreseeable is determined from the time of the claim construction briefing, rather than the time the original infringement contentions are served." *Id.* "Amendment is not permitted as a matter of course." *Id.* That would destroy the effectiveness of the local rules in balancing the discovery rights and responsibilities of the parties. *Nike, Inc. v. Adidas Am. Inc.*, 479 F. Supp. 2d 664, 667 (E.D. Tex. 2007).

Constructions are not 'unexpected or unforeseeable' simply because "the court did not adopt either of the parties' proposed definitions." *See id.* Instead, the party seeking amendment

must explain "why the court's construction was so different that amended infringement contentions were necessary." *Id.* P.R. 3-6(a) also does not grant free rein to make amendments unrelated to what was unforeseeable or unexpected; there has to be a nexus. *See Virnetx Inc. v. Cisco Sys., Inc.*, No. 6:10-CV-417, 2012 WL 12546881, at *4 (E.D. Tex. Oct. 22, 2012).

## III.   **ARGUMENT**

Luminati's constructions should be struck for two reasons: First, none of the constructions were "unexpected or unforeseeable." Second, the addition of new theories based on a publicly available but previously uncited website, netnut.io/integrations, is entirely unrelated to any "unexpected or unforeseeable" construction.

There was nothing unexpected or unforeseeable in the Court's Adoption Order. It simply put into effect the constructions the parties jointly asked for. There can be no logical argument that claim constructions Luminati itself was involved in litigating in *Code200* are unexpected or unforeseeable in this case. *See Implicit*, 2018 WL 11182156, at *4 (holding that foreseeability is evaluated at the time of claim construction briefing rather than the time of serving original contentions). Indeed, even if foreseeability was evaluated at the time of the prior contentions, the *Code200* briefing finished before Luminati served its prior (fourth) amendment to the infringement contentions. *Supra* at § I.

There was also nothing unexpected or unforeseeable in the *Code200* Order. Of the nine constructions mentioned above, *seven adopted Luminati's constructions or arguments*: "client device," "first server," "second server," "a response time when communicating," "receiving, by the requesting client device, over the Internet in response to the sending from the second server using the selected IP address," "determining, . . . that the received part of, or the whole of, first content, is valid," and "periodically communicating." *Supra* at § I. The remaining two were based on examples pulled from the *Code200* claim construction briefing: "sending . . . the first content identifier to the web server using the selected IP address" and "source address." And for both of these constructions,

6

Luminati's Contentions do not even address the construction; they instead address a construction sought by Luminati through its pending objections to the *Code200* Order. *Id*. Accordingly, there was nothing "unexpected or unforeseeable" about the *Code200* constructions adopted here.

Moreover, Luminati "cannot argue that because its precise proposal for a construction of a claim term is not adopted by the court, it is surprised and must prepare new infringement contentions." *Nike*, 479 F. Supp. 2d at 667-68. "Courts seldom simply adopt the construction of one party or the other." *Id*. Indeed, in two instances where Luminati appears to disagree with the Court's construction (i.e., the only two constructions where the Court did not adopt Luminati's constructions or arguments), Luminati did not amend to apply the issued construction. *Supra* at § I. Instead, Luminati's amendments simply state its disagreement and then apply the construction it wishes it received. *Id*.

Finally, Luminati cannot add theories based on a previously uncited but publicly available website under the guise of P.R. 3-6(a)(1). Luminati's netnut.io/integrations amendments are unrelated to any construction that was "unexpected or unforeseeable," which is apparently why Luminati placed those arguments and the Court's claim constructions at different locations throughout its 263 pages of amended contentions. To the extent that there is any relationship between those amendments and the Court's constructions, it relates to the construction of "client device." But the construction of "client device" adopted Luminati's proposed alternative construction, so it was not unexpected. *Supra* at § I.

## IV.   **CONCLUSION**

For the above reasons, the Court should strike Luminati's March 29, 2021 Contentions.


Dated:  April 8, 2021          By:      */s/ Eric H. Findlay*
                                         Eric H. Findlay (TX Bar No. 00789886)
                                         Debby Gunter (TX Bar No. 24012752)

FINDLAY CRAFT, P.C.
102 North College Avenue, Suite 900
Tyler, Texas 75702
Tel: (903) 534-1100
Fax: (903) 534-1137
Email:  efindlay@findlaycraft.com
Email:  dgunter@findlaycraft.com


Elliot C. Cook
Finnegan, Henderson, Farabow,
Garrett & Dunner, LLP
11955 Freedom Drive, Reston,
VA 20190-5675
Tel: (571) 203-2738
Fax: (202) 408-4400
elliot.cook@finnegan.com

Cory C. Bell
Finnegan, Henderson, Farabow,
Garrett & Dunner, LLP
Two Seaport Lane
Boston, MA 02210-2001
Tel: (617) 646-1641
Fax: (202) 408-4400
cory.bell@finnegan.com


*Attorneys For
Defendant NetNut Ltd.*

### CERTIFICATE OF SERVICE

I hereby certify that on April 8, 2021 the within document was filed with the Clerk of the Court using CM/ECF which will send notification of such filing to the attorneys of record in this case.

/s/ Eric H. Findlay
Eric H. Findlay

### CERTIFICATE OF CONFERENCE

Pursuant to Local Rule CV-7(i), the undersigned certifies that NetNut engaged in both telephonic and written meeting-and-conferring with Luminati's lead and local counsel, Pursuant to Local Rule CV-7(h).

On March 30, 2021, counsel for NetNut, Elliot Cook, sent an email to counsel for Luminati, Ronald Wielkopolski, requesting a meet and confer, indicating that: "NetNut plans to file a motion to strike Bright Data's purported third amended infringement contentions for violating P.R. 3-6(a)(1). Please confirm your availability to meet and confer this Friday at 2:00 pm CT or later. During the call, please be prepared to explain Bright Data's position on how the Court's claim constructions were unexpected or unforeseeable." A telephone conference with both parties' counsel was held at 2:00 pm CT on April 2, 2021. During the call, NetNut's counsel again requested that Luminati provide its position and Luminati stated that its positions were in its

9

amended contentions and that it would not provide any further explanation on how the Court's claim constructions were unexpected or unforeseeable.

NetNut therefore respectfully submits that an impasse has been reached between the parties requiring resolution by the Court.

*/s/ Debby Gunter*
Debby Gunter


*/s/ Elliot C. Cook*
Elliot C. Cook