# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

LUMINATI NETWORKS LTD.

    Plaintiff,

  v.

NETNUT LTD.

    Defendant.

Case No.  2:20-CV-00188-JRG-RSP

## LUMINATI'S OPPOSITION TO DEFENDANT'S MOTION TO STRIKE INFRINGEMENT CONTENTIONS

**RESTRICTED – ATTORNEYS' EYES ONLY**
**FILED UNDER SEAL**

# TABLE OF CONTENTS

I. INTRODUCTION ........................................................................................................... 1

II. FACTUAL BACKGROUND.......................................................................................... 1

III. LEGAL STANDARD ..................................................................................................... 3

IV. ARGUMENT................................................................................................................... 4

   A. Bright Data Amended Its Infringement Contentions in Good Faith Based on Claim Constructions Pursuant to P.R. 3-6(a)(1) ............................................................... 4

      1. Bright Data Amended Its Infringement Contentions Based on an Unexpected Claim Construction for "sending . . . the first content identifier to the web server using the selected IP address"...................................................................................... 6

      2. Bright Data Amended Its Infringement Contentions Based on an Unexpected Claim Construction for "source address"........................................................... 8

   B. Good Cause Exists to Allow Bright Data to Amend Its Infringement Contentions Pursuant to P.R. 3-6(b) .............................................................................................. 8

   C. NetNut's Motion to Strike Contradicts Its Motion to Compel........................................... 9

V. CONCLUSION .............................................................................................................. 10

**RESTRICTED – ATTORNEYS' EYES ONLY**
**FILED UNDER SEAL**

## TABLE OF AUTHORITIES

*Cases*

*Cell & Network Selection LLC v. AT&T Inc.*, No. 6:13-CV-403, 2014 U.S. Dist. LEXIS 185020, 2014 WL 10727108 (E.D. Tex. Nov. 10, 2014) .................................................................. 3, 5

*CellCast Techs., LLC v. United States*, No. 15-1307. 2021 U.S. Claims LEXIS 160 (Fed. Cl. Feb. 25, 2021) ................................................................................................................................. 5

*Implicit v. Huawei Techs. United States*, No. 6:17-CV-00182-JRG, 2018 U.S. Dist. LEXIS 240330, 2018 WL 11182156 (E.D. Tex. July 2, 2018) ........................................................... 5, 6

*Nike, Inc. v. Adidas Am., Inc.*, 479 F. Supp. 2d 664 (E.D. Tex. 2007) ........................................ 3, 5

*SSL Servs., LLC v. Citrix Sys.*, No. 2:08-cv-158-JRG, 2012 U.S. Dist. LEXIS 35788 (E.D. Tex., Mar. 16, 2012) ................................................................................................................ 3, 4, 8, 9

*Rules*

P.R. 3-6(a)(1) ................................................................................................................................. 3

**RESTRICTED – ATTORNEYS' EYES ONLY**
**FILED UNDER SEAL**

I.  **INTRODUCTION**

Bright Data Ltd. (formerly Luminati Networks Ltd.) ("Bright Data") amended its infringement contentions in good faith, pursuant to P.R. 3-6(a)(1), based on unexpected results from the Code200 claim construction order adopted in this case.  For example, two claim constructions were issued that neither side had proposed, and they prompted Bright Data's (Plaintiff's) request for clarification and revision of the order in the Code200 case.  Exhibit A.  Before adoption of the Code200 claim construction order in this case, NetNut noted its understanding of this possibility:

> The parties recognize that the Claim Construction Order from the *Code200* case may be subject to potential objections that could result in modifications in that case and are willing, without waiving their appellate rights to challenge such claim constructions, to have the ultimate findings of the Court on claim construction from the *Code200* case applied here.

Dkt. 66 at 2.  Following entry of the order (Dkt. 68), Bright Data amended its infringement contentions to account for the claim construction order including the unexpected claim constructions.  Exhibits A, C.  Thus, Bright Data's amendments are in good faith and NetNut's motion to strike should be denied.  Additionally, given the good cause that exists for amending the infringement contentions, Bright Data respectfully requests that the Court also allow Bright Data's amendments pursuant to P.R. 3-6(b).

II.  **FACTUAL BACKGROUND**

Bright Data served initial infringement contentions on September 9, 2020 and amended infringement contentions on December 4, 2020 ("first amended"), December 31, 2020 ("second amended"), and January 27, 2021 ("third amended").  Bright Data's first amended infringement contentions, which included over 240 pages of detailed claim charts for the patents-in-suit, U.S. Patent Nos. 10,484,511 (the "'511 patent") and 10,637,968 (the "'968 patent"), were updated to

1

**RESTRICTED – ATTORNEYS' EYES ONLY**
**FILED UNDER SEAL**

provide specific citations to NetNut's source code which then became available.  Bright Data's second and third amended infringement contentions were provided in attempts to satisfy NetNut's complaints regarding the infringement contentions without burdening the Court.[1]

After Bright Data served its third amended infringement contentions, on February 8, 2021, a claim construction order involving the same patents-in-suit, the '511 and '968 patents, was entered in *Bright Data Ltd. v. Code200, UAB et al.*, No. 2:19-cv-396, Dkt. 97 (E.D. Tex. Feb. 8, 2021) (formerly *Luminati Networks Ltd. v. Code200, UAB et al.*) ("Code200 case").  The claim construction order issued in the Code200 case is Docket No. 97 ("Code200 Claim Construction Order").  For the sake of judicial efficiency, on February 22, 2021, Bright Data and NetNut filed a joint motion to adopt the same claim constructions in this case as the Court adopted in the Code200 case.  Dkt. 66.  The joint motion was made "subject to potential objections that could result in modifications in that case," and NetNut agreed "to have the ultimate findings of the Court on claim construction from the Code200 case applied here."  *Id.* at 2.  The Court entered the Code200 Claim Construction Order in this case on February 27, 2021.  Dkt. 68.

On February 22, 2021, the parties in the Code200 case filed objections to the Code200 Claim Construction Order.  Specifically, Bright Data (Plaintiff in the Code200 case) requested clarification and revision of two construed terms which were unexpected: (*i*) '511 patent claim 1 regarding "sending . . . the first content identifier to the web server using the selected IP address," and (*ii*) '511 patent claim 25 regarding "source address."  Exhibit A (Code200 case, Dkt. 102).  Defendants in the Code200 case objected to the Court's determinations of definiteness for three

---

[1] NetNut nevertheless remains unsatisfied with Bright Data's third amended infringement contentions and, on February 16, 2021, filed an opposed motion to compel infringement contentions.  Dkt. 64.  NetNut's motion to compel should also be denied for the reasons set forth in Bright Data's responsive briefing.  Dkt. 67.

2

construed terms. Exhibit B (Code200 case, Dkt. 103). The Code200 Claim Construction Order also included other constructions regarding both the '968 and '511 patents that also differed form the proposals advanced by both sides. For example, construction of the "receiving" term as to the '511 patent claim 1 differed from any position or argument offered by either side. Ex. C., at 32-33.

Based on a good faith belief that the Code200 Claim Construction Order adopted in this case required amendments to Bright Data's infringement contentions, pursuant to P.R. 3-6(a)(1), Bright Data served amended infringement contentions on March 29, 2021 ("fourth amended"), within 30 days of the Court's adoption of the Code200 Claim Construction Order.[2] Exhibit C.

### III. LEGAL STANDARD

Local Patent Rule 3-6(a)(1) states: "If a party claiming patent infringement believes in good faith that the Court's Claim Construction Ruling so requires, not later than 30 days after service by the Court of its Claim Construction Ruling, that party may serve 'Amended Infringement Contentions' without leave of court that amend its 'Infringement Contentions' with respect to the information required by Patent R. 3-1(c) and (d)." P.R. 3-6(a)(1). "This exception allows parties to respond to an unexpected claim construction by the Court." *SSL Servs., LLC v. Citrix Sys.*, No. 2:08-cv-158-JRG, 2012 U.S. Dist. LEXIS 35788, at *6 (E.D. Tex., Mar. 16, 2012) citing *Nike, Inc. v. Adidas Am., Inc.*, 479 F. Supp. 2d 664, at *9 (E.D. Tex. 2007). "Infringement contentions are not intended to provide a 'forum for litigation of the substantive issues.'" *Cell & Network Selection LLC v. AT&T Inc.*, No. 6:13-CV-403, 2014 U.S. Dist. LEXIS 185020, 2014 WL 10727108, at *6 (E.D. Tex. Nov. 10, 2014).

---

[2] Bright Data's fourth amended infringement contentions, served on March 29, 2021, were mistakenly styled as "third" amended infringement contentions. Exhibit C at 1.

**RESTRICTED – ATTORNEYS' EYES ONLY**
**FILED UNDER SEAL**

Additionally, Local Patent Rule 3-6(b) states: "Amendment or supplementation of any Infringement Contentions or Invalidity Contentions, other than as expressly permitted in P. R. 3-6(a), may be made only by order of the Court, which shall be entered only upon a showing of good cause." P.R. 3-6(b). "The Court has broad discretion to allow amendments to infringement contentions and considers four factors on ruling on motions for leave to do so: (1) the explanation for the party's failure to meet the deadline; (2) the importance of what the Court is excluding; (3) the potential prejudice if the Court allows the thing that would be excluded, and (4) the availability of a continuance to cure such prejudice." *SSL Servs.,* 2012 U.S. Dist. LEXIS 35788, at 6 (citations omitted).

IV.   **ARGUMENT**

   A.   **Bright Data Amended Its Infringement Contentions in Good Faith Based on Claim Constructions Pursuant to P.R. 3-6(a)(1)**

After Bright Data served its third amended infringement contentions, the Code200 Claim Construction Order issued and was adopted in this case. Dkt. 68. Bright Data (Plaintiff in the Code200 case) then requested clarification and revision of the Code200 Claim Construction Order in the Code200 case to address two unexpected claim constructions: (*i*) '511 patent claim 1 regarding "sending . . . the first content identifier to the web server using the selected IP address," and (*ii*) '511 patent claim 25 regarding "source address." Exhibit A.  Based on these unexpected claim constructions, Bright Data served its fourth amended infringement contentions in good faith pursuant to P.R. 3-6(a)(1). Exhibit C. Additionally, the Code200 Claim Construction Order included other constructions that were not advanced by either side as to the '968 and '511 patents.

NetNut argues that "none of the constructions were 'unexpected or unforeseeable'" and that adoption of the Code200 Claim Construction Order "simply put into effect the constructions

4

**RESTRICTED – ATTORNEYS' EYES ONLY**
**FILED UNDER SEAL**

the parties jointly asked for." Dkt. 82 at 9. NetNut is incorrect. Bright Data's fourth amended infringement contentions are amended in good faith based on these construed terms not advanced by either side. *See, e.g.*, *CellCast Techs., LLC v. United States*, No. 15-1307. 2021 U.S. Claims LEXIS 160, at *32 (Fed. CI. Feb. 25, 2021) (citing *Cell & Network Selection*, 2014 U.S. Dist. LEXIS 185020, in which the court allowed plaintiff to amend infringement contentions for claim terms after the court's claim construction order "construed those terms quite differently from what [plaintiff] proposed.").

To the extent that NetNut relies on *Nike, Inc. v. Adidas Am., Inc.*, 479 F. Supp. 2d 664, (E.D. Tex. 2007), this case is inapposite as the claim constructions in *Nike* "did not wholly depart from" either of the parties' proposals. *Id* at *13. In this case, two specific claim constructions that the court adopted in the Code200 case were not advocated, briefed, or discussed in oral argument by any party in the Code200 case and were entirely unexpected. To the extent that NetNut relies on *VirnetX Inc. v. Cisco Sys.*, No. 6:10-CV-417, 2012 U.S. Dist. LEXIS 191110 (E.D. Tex. Oct. 22, 2012), this case too is inapposite as *VirnetX* involved a question of whether there was a nexus between Defendants' proposed amendments to invalidity contentions and Plaintiff's amendments to infringement contentions. *Id* at *21. In this case, Bright Data's amendments are based on unexpected claim constructions.

NetNut also argues that the constructions cannot be considered "unforeseeable" because "foreseeability is evaluated at the time of claim construction briefing rather than the time of serving original contentions," citing *Implicit v. Huawei Techs. United States*, No. 6:17-CV-00182-JRG, 2018 U.S. Dist. LEXIS 240330, 2018 WL 11182156 (E.D. Tex. July 2, 2018). Dkt. 82 at 9. However *Implicit* too is inapposite as in that case "The Court did not enter any constructions of its own making. All of the constructions entered were proposed by one of the Parties." *Implicit*, 2018

5

**RESTRICTED – ATTORNEYS' EYES ONLY**
**FILED UNDER SEAL**

U.S. Dist. LEXIS 240330, * at 11. In contrast, two specific claim constructions that the court adopted in the Code200 case were not advocated, briefed, or discussed in the Code200 case and were therefore unforeseeable.

NetNut further argues that the addition of new theories based on a publicly available but previously uncited website, netnut.io/integrations, is entirely unrelated to any "unexpected or unforeseeable" construction. Dkt. 82 at 10. However, Bright Data does not raise any new theories of infringement. Rather, the citation to which NetNut refers, netnut.io/integrations, was included as an example pursuant to NetNut's complaint regarding alleged sufficiency of the infringement contentions. *See, e.g.*, Dkt. 64; *see also* Dkt. 67 at 13 (explaining "NetNut's website makes clear that while a browser extension for Chrome may be used, there are many other software integrations that do not use a Chrome Extension (or browser extension at all), *e.g.*, netnut.io/integrations, showing numerous possible software integrations"). NetNut's arguments against Bright Data including this additional evidence are entirely unsupportable in the context of NetNut itself having moved to compel additional information in Bright Data's contentions. *See* Dkt. 64. On one hand, NetNut has complained that Bright Data did not provide enough information, yet in this motion NetNut complains that Bright Data has provided too much information of the exact type NetNut has demanded. NetNut's arguments should be rejected.

    **1.**    **Bright Data Amended Its Infringement Contentions Based on an Unexpected Claim Construction for "sending . . . the first content identifier to the web server using the selected IP address"**

The Code200 Claim Construction Order construed the phrase "sending . . . the first content identifier to the web server using the selected IP address" ('511 patent claim 1) to mean "sending . . . the first content identifier to the web server using the selected IP address <u>as either the address of the first server or of the web server</u>." Code200 case, Dkt. 97 at 19. (Emphasis added). This

construction was not advocated, briefed, or discussed in oral argument by any party. Bright Data identified two problems with the underlined portion which were raised in the Code200 case: (*i*) "or of the web server" should be deleted, because the "source address" would never be the web server, and (*ii*) the construction appears to inadvertently omit "intermediaries" that the Code200 Claim Construction Order expressly states are included. Exhibit A. Simply put, this construction was unexpected and unforeseeable.

As discussed in Bright Data's request for clarification and revision, the "source address" would never be the web server because, according to the claim, the communication is sent "to the web server," so the web server is the destination and not the source. Exhibit A. Also, as discussed in Bright Data's request, the Order appears to inadvertently omit intermediaries from IP addresses that can be used for sending, and the construction should include intermediaries and not just the first server. *Id.* at 4-5.

These unexpected claim construction issues are addressed in the fourth amended infringement contentions. *See, e.g.*, Exhibit C at 45-46 ("Bright Data believes the Claim Construction Order analysis properly identified the selected IP address as including the IP address of an intermediary. However, any differences in the context of the claims as understood by a person of ordinary skill in the art between selecting an IP address corresponding to an intermediary and selecting an IP address corresponding to either 'the address of the first server or of the web server' are insubstantial. . ."); *id.* at 54 (". . . This construction is the subject of a current objection (Code200 Case, Dkt. 102), which seeks a clarifying construction consistent with the Claim Construction Order's analysis that that the group of IP addresses include the IP addresses of intermediaries and that the selected IP address can be the IP address of an intermediary device consistent for example with dependent claims 2-5. . ."); *id.* at 57-58 ("Bright Data believes the

7

Claim Construction Order analysis properly identified the selected IP address as including the IP address of an intermediary. . .").

Bright Data amended its infringement contentions in good faith to address these unexpected constructions.

### 2. Bright Data Amended Its Infringement Contentions Based on an Unexpected Claim Construction for "source address"

The Code200 Claim Construction Order also construed the phrase "source address" ('511 patent claim 25) to mean "address of the web server." Code200 case, Dkt. 97 at 27. This construction also was not advocated, briefed, or discussed in oral argument by any party. Rather, this construction was unexpected and unforeseeable because "source address" should refer to the sender's IP address and not the "source" of the content, *i.e.*, destination or web server, as construed. This claim construction issue is also addressed in Bright Data's request for clarification and revision to the Code200 court. Exhibit A. Additionally, Bright Data amended its infringement contentions in good faith to address the foregoing construction. *See, e.g.*, Exhibit C at 103 ("The Claim Construction Order construes 'source address' as the 'address of the web server.' This construction is the subject of a current objection (Code200 Case, Dkt. 102), . . . a POSA would understand that the source address could not refer to the address of the web server. . ."). NetNut's motion should be denied.

### B.   Good Cause Exists to Allow Bright Data to Amend Its Infringement Contentions Pursuant to P.R. 3-6(b)

Additionally, each of the four good cause factors under P.R. 3-6(b) weigh in favor of granting Bright Data leave to amend its infringement contentions. *SSL Servs., LLC v. Citrix Sys.*, 2012 U.S. Dist. LEXIS 35788, at *6, 8-9 (E.D. Tex., Mar. 16, 2012) (citations omitted). First, the Code200 Claim Construction Order which prompted Bright Data's amendments includes two

8

specific claim constructions that are different from either party's proposed constructions. *Id*. Second, the amendments have significant importance given the potential confusion the two construed terms may cause as discussed in Bright Data's request for clarification and revision in the Code200 case. Exhibit A. Third, NetNut will not suffer any prejudice if the amendments are allowed as fact discovery is ongoing and expert reports have not yet been served. *SSL Servs.,* 2012 U.S. Dist. LEXIS 35788, at *9. Fourth, availability of a continuance is not relevant here as fact and expert discovery are ongoing, jury selection is not until November 1, 2021 (Dkt. 41), and the jury selection date would not be affected by the amendments. *Id*. Thus, Bright Data respectfully requests that the Court also allow the fourth amended infringement contentions based on good cause.

### C. NetNut's Motion to Strike Contradicts Its Motion to Compel

Other than expressly addressing unexpected constructions, NetNut argues that Bright Data should not be permitted to include additional evidence such as that recited at netnut.io/integrations. That evidence is supported by the constructions in the Code200 Claim Construction Order as well. Additionally, NetNut's diametrically opposed positions are unsupportable. First, NetNut has moved to compel Bright Data to provide more information about its infringement theories in its Motion to Compel Infringement Contentions Complying with Patent Rule 3-1, Dkt. 64. Then, when Bright Data amended its infringement contentions in light of the Code200 Claim Construction Order and in so doing addressed points NetNut had asked the Court to compel Bright Data to provide, NetNut moved to strike the additional information it asked for. These diametrically opposed motions are simply untenable and smack of gamesmanship. The Court should deny both the motion to compel and this motion to strike.

**RESTRICTED – ATTORNEYS' EYES ONLY**
**FILED UNDER SEAL**

V.     **CONCLUSION**

For the foregoing reasons, Bright Data respectfully requests that the Court deny NetNut's motion to strike Bright Data's fourth amended infringement contentions, and also allow Bright Data's fourth amended infringement contentions based on good cause.

Dated: April 23, 2021           Respectfully submitted,

By: */s/ Scott Kanalakis*
J. Mark Mann
State Bar No. 12926150
mark@themannfirm.com
G. Blake Thompson
State Bar No. 24042033
blake@themannfirm.com
MANN | TINDEL | THOMPSON
300 West Main Street
Henderson, Texas 75652
(903) 657-8540
(903) 657-6003 (fax)

Amadou Kilkenny Diaw
Ronald Wielkopolski
RuyakCherian LLP
1901 L St. NW, Suite 700
Washington, DC 20036
amadoukd@ruyakcherian.com
ronw@ruyakcherian.com

Korula T. Cherian
Robert Harkins
Scott Kanalakis
RuyakCherian LLP
1936 University Ave, Ste. 350
Berkeley, CA 94704
sunnyc@ruyakcherian.com
bobh@ruyakcherian.com
scottk@ruyakcherian.com

S. Calvin Capshaw
State Bar No. 03783900

**RESTRICTED – ATTORNEYS' EYES ONLY**
**FILED UNDER SEAL**

                                      Elizabeth L. DeRieux
                                      State Bar No. 05770585
                                      Capshaw DeRieux, LLP
                                      114 E. Commerce Ave.
                                      Gladewater, TX 75647
                                      Telephone: 903-845-5770
                                      ccapshaw@capshawlaw.com
                                      ederieux@capshawlaw.com

                                      *Attorneys for Plaintiff*
                                      *Bright Data Ltd.*
                                      *(formerly Luminati Networks Ltd.)*

**RESTRICTED – ATTORNEYS' EYES ONLY**
**FILED UNDER SEAL**

**CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served this 23rd day of April, 2021, with a copy of this document via electronic mail.

*/s/ Scott Kanalakis*

**CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL**

I hereby certify that the foregoing document is being filed under seal pursuant to the Protective Order entered in this matter.

*/s/ Scott Kanalakis*