IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| LUMINATI NETWORKS LTD., | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Case No. 2:20-cv-00188-JRG-RSP |
| | § | |
| NETNUT LTD., | § | |
| | § | |
| *Defendant*. | § | |

## **MEMORANDUM ORDER**

Before the Court is Defendant NetNut Ltd.'s ("Defendant") Motion to Stay Pending *Ex Parte* Reexamination. **Dkt. No. 73**. Defendant's motion notifies the Court that the United States Patent and Trademark Office has issued orders granting the requests for *ex parte* reexaminations ("EPRs") of all asserted claims of U.S. Patent Nos. 10,484,511 (the "'511 Patent") and 10,637,968 (the "'968 Patent"), the two patents asserted against Defendant in the above-captioned matter. Dkt. No. 73 at 4. Accordingly, Defendant's motion asks the Court to stay this litigation pending the resolution of Defendant's EPRs of the asserted patents. *Id.* at 12.

### I. BACKGROUND

On June 11, 2020, Plaintiff Luminati Ltd., now Bright Data Ltd. ("Plaintiff"), filed a complaint against Defendant for infringement of the '511 Patent and '968 Patent and trade secret misappropriation. Dkt. No. 1 at 17–28. Defendant filed requests for EPRs on December 4, 2020 and January 12, 2021 of the '511 Patent and '968 Patent respectively. Dkt. No. 73 at 4 (citing Dkt. Nos. 48 and 57). The PTO issued orders granting the requests for the EPRs on January 21, 2021 and March 3, 2021, for the '511 Patent and '968 Patent respectively. *Id.* (citing Dkt. Nos. 73-2 and 73-3). Defendant asks the Court to stay this litigation pending the resolution of the EPRs. *Id.* at 12.

1

In the time since the filing of this motion, Defendant has filed two notices. *See* Dkt. No. 94; 112. The first notice is Defendant's Notice of Development in *Ex Parte* Reexamination ("First Notice"). Dkt. No. 94. In the First Notice Defendant notifies the Court that on May 24, 2021, an Office Action issued in the pending EPR of U.S. Patent No. 10,484,511, (the "'511 Patent") Control No. 90/014,624, which rejects all claims of the '511 Patent asserted by Plaintiff. *Id.* at 1.

The second notice is Defendant's Notice of Development in *Ex Parte* Reexamination ("Second Notice"). Dkt. No. 112. In the Second Notice Defendant notifies the Court that on July 6, 2021, an Office Action issued in the pending EPR of U.S. Patent No. 10,637,968, (the "'968 Patent") Control No. 90/014,652, which rejects all claims of the '968 Patent asserted by Plaintiff. *Id.* at 1. Defendant notes that between these two Office Actions, every patent claim Plaintiff asserts in this litigation currently stands rejected. *Id.* Each of these Office Actions are non-final rejections where the patent owner may file proposed amendments to the specification or claims in the reexamination proceeding. *See* Dkt. No. 94-1 at 4, 38; *see also* Dkt. No. 112-1 at 4, 11–12.

## II.     LEGAL STANDARDS

"Courts have inherent power to manage their dockets and stay proceedings, including the authority to order a stay pending conclusion of a PTO reexamination." *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426–27 (Fed. Cir. 1988) (internal citation omitted). "How to best manage the Court's docket 'calls for the exercise of judgment, which must weigh competing interests and maintain an even balance.'" *AGIS Software Dev. LLC v. Google LLC*, Case No. 2:19-cv-00361-JRG, Dkt. No. 219, 2021 WL 465424, at *1 (E.D. Tex. Feb. 9, 2021) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936)).

"In deciding whether to stay litigation pending reexamination, courts typically consider: (1) whether a stay will unduly prejudice or present a clear tactical disadvantage to the nonmoving

party, (2) whether a stay will simplify the issues, and (3) whether discovery is complete and whether a trial date has been set." *Veraseal LLC v. Costco Wholesale Corp.*, Case No. 2:17-cv-00713-JRG-RSP, Dkt. No. 41, 2018 WL 4524122, at *1 (E.D. Tex. May 18, 2018) (citing *Soverain Software LLC v. Amazon.com, Inc.*, 356 F. Supp. 2d 660, 662 (E.D. Tex. 2005)).

"The party seeking a stay bears the burden of showing that such a course is appropriate." *Realtime Data LLC v. Actian Corp.*, Case No. 6:15-cv-00463-RWS-JDL, Dkt. No. 426, 2016 U.S. Dist. LEXIS 187446, at *6 (E.D. Tex. Nov. 29, 2016), citing *Landis*, 299 U.S. at 255. "A stay pending an administrative proceeding is not automatic; rather, it must be based upon the circumstances of the individual case before the court." *Id.*, at *6-7 (citing *Datatreasury Corp. v. Wells Fargo & Co.*, 490 F.Supp.2d 749, 755 (E.D. Tex. 2006)). "Courts often consider the relationship of the parties" and "are generally reluctant to stay proceedings when the parties are direct competitors." *Smartflash LLC v. Apple, Inc.*, Case No. 6:13-cv-00447-JRG, Dkt. No. 175, 2014 U.S. Dist. LEXIS 92615, at *17 (E.D. Tex. Jul. 8, 2014) (internal citations omitted).

"A stay is particularly justified when 'the outcome of a PTO proceeding is likely to assist the court in determining patent validity or eliminate the need to try infringement issue.'" *Stingray Music USA, Inc. v. Music Choice*, Case No. 2:16-cv-00586-JRG-RSP, Dkt. No. 171, 2017 WL 9885167, at *1 (E.D. Tex. Dec. 12, 2017) (internal citations omitted).

### III.    ANALYSIS

#### A. Prejudice

Defendant argues that Plaintiff's "fail[ure] to serve any discovery requests to Defendant, despite the Court's Discovery Order being issued on October 13, 2020—nearly five months ago" demonstrates that a stay would cause no undue prejudice. Dkt. No. 73 at 9 (citing Dkt. No. 42). Defendant also notes that Plaintiff did not choose to seek a preliminary injunction and argues that

any receipt of alleged damages later rather than sooner is minimal and compensable through the ordinary damages phase of litigation. *Id.* (citing *Stringray*, 2017 WL 9885167, at *2 ("the plaintiff did not move for a preliminary injunction, which contradicts [its] assertion it cannot wait for a decision on infringement.")). Defendant asserts staying the case will avoid unnecessary expenses and burdens for both parties. *Id.* at 10 (citing *Datatreasury*, 490 F. Supp. 2d at 754). Finally, Defendant states it is "willing to stipulate that it will not assert the prior art grounds being raised in the EPRs at trial in this case if a stay is granted" and argues courts find such a stipulation advantageous to plaintiffs as the "[p]laintiff is afforded both the advantage of *ex parte* proceeding and an estoppel effect." *Id.* at 11 (quoting *Datatreasury*, 490 F. Supp. 2d at 754).

Plaintiff asserts that Defendant waited six months after receiving the complaint to file an EPR request and "is attempting to achieve a tactical advantage by delaying the litigation for an *ex parte* proceeding that could last over two years while preserving its ability to assert any invalidity defense in this action." Dkt. No. 76 at 4. Plaintiff continues, stating that "Defendant chose to avoid the faster statutory time limitations required in an *inter partes* review ('IPR') and associated estoppel limitations prohibiting Defendant from asserting any invalidity ground that it could have raised in an IPR." *Id.*

Plaintiff argues that it and Defendant are competitors in the proxy network industry and "the relationship between the parties is an important consideration when deciding a stay and such direct competition weighs against granting a stay. *Id.* at 8 (citing *Smartflash LLC*, 2014 U.S. Dist. LEXIS 92615 at *18). Plaintiff follows up asserting "should Defendant be dissatisfied with the decisions in either EPR, it may appeal to the Patent Trial and Appeal Board ('PTAB') and the Federal Circuit resulting in even greater delay and prejudice to [Plaintiff]." *Id.* at 9 (citing *ThinkOptics, Inc. v. Nintendo of Am., Inc.*, Case No. 6:11-cv-00455-LED, Dkt. No. 345, 2014 U.S.

4

Dist. LEXIS 128450, at *5 (E.D. Tex. Feb. 27, 2014)). Plaintiff also argues that the stay would prejudice it in delaying the pursuit of the trade secrets claims and that Defendant seeks a "clear tactical disadvantage to [Plaintiff]" by not citing references Defendant cited in its invalidity contentions. *Id.* at 9–10

As Plaintiff argues, Defendant waited six months after receiving the complaint to file an EPR request. *See* Dkt. No. 76 at 4. In addition to waiting to file, Defendant chose to file an EPR request, a slower post-grant proceeding, as opposed to an *inter partes* review, a much quicker post-grant proceeding that would minimize prejudice from delay. Further, Plaintiff and Defendant are competitors and "direct competition weighs against granting a stay." *See Smartflash LLC*, 2014 U.S. Dist. LEXIS 92615 at *18. All of this together creates a significant prejudice against Plaintiff, tipping this factor in Plaintiff's favor.

### B. Issue Simplification

Defendant argues that as EPRs have been granted for all asserted claims, simplification of the issues is likely. Dkt. No. 73 at 7. Defendant asserts, "cancellation of some asserted claims would reduce the number of claims (if any) remaining for trial. To the extent claims are amended by Plaintiff during the EPRs, those modifications will also impact the claims remaining for a trial." *Id.* at 8. With respect to the trade secret misappropriation claims, Defendant argues that "the significant simplification benefits stemming from the EPRs outweigh any prejudice Plaintiff may allege in postponing its trade secret allegations" and "[m]oreover, [Plaintiff] already had an opportunity to litigate these trade secret allegations in Israel and agreed to settle that litigation . . . ." *Id.* at 8–9 (citing *Armor All/STP Prod. Co. v. Aerospace Commc'ns Hldgs. Co., Ltd.*, Case No. 6:15-cv-00781-JRG-KNM, Dkt. No. 196, 2016 WL 6397269, at *4 (E.D. Tex. Oct. 28, 2016); Dkt. No. 36-3 at 4). Finally, Defendant argues that the stay "should significantly curtail the Court's and

parties' pre-trial activities, reduce the scope of issues in dispute, limit the parties' briefing on substantive issues, lower [Plaintiff's] damages request, and minimize the complexity of the issues for the jury." *Id.* at 9

Plaintiff responds that despite Defendant's stipulation "Defendant will not be limited from asserting numerous invalidity grounds asserted in its invalidity contentions" including theories other than prior art. Dkt. No. 76 at 11. Plaintiff argues that accordingly "it is unlikely that the EPRs, applying a limited set of prior art, would simplify the issues in this case in a meaningful way." *Id.* at 11–12 (citing *Cooper Techs. Co. v. Thomas & Betts Corp.*, Case No. 2:06-cv-00242-CE, Dkt. No. 75, 2008 U.S. Dist. LEXIS 25938, at *4 (E.D. Tex. Mar. 31, 2008)). Plaintiff also asserts that only 13% of EPRs result in all challenged claims being cancelled and that the trade secret claims would not be simplified. *Id.*

Unless every claim ends up cancelled with no amendments granted, the patent issues will remain in the case. Further, since Defendant did not assert in the EPR assert all of the prior art asserted in this matter, an invalidity defense will remain. Even if every claim ends up cancelled with no amendments granted, there are still trade secrets claims to be adjudicated. *See* Dkt. No. 1 at 25–27.

Although some simplification of the case may be achieved by a stay, this simplification is minimal and there is a low probability that even that simplification is created. Dkt. No. 76 at 11. Granting a stay would create a long delay of this case for little simplification wherein a trial would still be needed to resolve other claims. Accordingly, the Court finds that this factor weighs in favor of Plaintiff.

### C. Discovery & Trial

Defendant argues that discovery in this case is still in its early stages, where the parties have not begun e-mail discovery at the time the motion was filed, "fact discovery ends on June 14, 2021, expert discovery ends on July 19, 2021, and trial is scheduled for November 1, 2021. Dkt. No. 73 at 11 (citing Dkt. 41 at 1–3). Plaintiff argues that the substantial completion of document deadline has passed, infringement and invalidity contentions have been exchanged, the claim construction process has concluded,[1] the parties have issued interrogatories, and the parties are in the midst of completing e-discovery. Dkt. No. 76 at 12.

Not only have the benchmarks Plaintiff argued have passed, the case has developed beyond the time of filing this motion. Even at the time briefing on this motion had completed, trial was only seven months away. Now it is just over a mere three months. A consequence of Defendant's delay in filing for EPR is that this factor weighed in favor of Plaintiff due to proximity to trial even at the time it filed its Motion. Now, the factor weighs heavily in favor of Plaintiff.

### IV. CONCLUSION

The Court finds that all factors weigh in favor of Plaintiff. Accordingly, for the reasons expressed above, the Court **DENIES** Defendant's Motion.

**SIGNED this 23rd day of July, 2021.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE

---

[1] The Court does not find the argument "the claim construction process has concluded" persuasive in light of the fact that there was no claim construction briefing or hearing in this matter, but rather that the parties adopted the claim constructions from another matter. *See* Dkt. Nos. 66 and 68.