IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| LUMINATI NETWORKS LTD., § | |
| § | |
| *Plaintiff*, § | |
| § | |
| v. § | Case No. 2:20-cv-00188-JRG-RSP |
| § | |
| NETNUT LTD., § | |
| § | |
| *Defendant*. § | |

## MEMORANDUM ORDER

On July 22, 2021, the Court held a hearing regarding four motions in the above captioned matter. The first motion is Defendant NetNut Ltd.'s Motion to Strike Infringement Contentions. **Dkt. No. 83**. The second motion is the Opposed Motion for Leave to Amend Infringement Contentions Under P.R. 3-6(b) filed by Plaintiff Luminati Networks Ltd., now known as Bright Data Ltd. **Dkt. No. 87**. The third motion is Luminati's Opposed Motion to Compel Depositions of Defendant's Witnesses Messrs. Binhas and Daniel ("Motion to Depose"). **Dkt. No. 99**. The fourth motion is Luminati's Opposed Motion to Compel Defendant to Supplement Interrogatory Response, Produce Documents, and Provide Additional Rule 30(b)(6) Deposition Testimony ("Motion to Compel"). **Dkt. No. 100**.

NetNut's Motion to Strike and Luminati's Motion to Amend regard the same dispute: whether the Court should permit or strike the amended infringement contentions served by Luminati to NetNut on March 29, 2021. Luminati's Motion to Depose regards two issues: the requested deposition of Mr. Binhas and the requested deposition of Mr. Daniel. Luminati's Motion to Compel regards (1) financial data, (2) configuration files, (3) traffic volume logs, (4) source code differences, and (5) interrogatory answers.

1

I.      MOTION TO AMEND AND MOTION TO STRIKE

Luminati's Motion seeks leave to allow the Fourth Amended Contentions. Dkt. No. 87 at 4–5. NetNut's Motion to Strike seeks to strike those amended infringement contentions, which were served on March 29, 2021 ("Fourth Amended Contentions"). Dkt. No. 83 at 4.

The Fourth Amended Contentions, which Luminati asserts are properly served pursuant to P.R. 3-6(b), include a paragraph that NetNut says accuses thirteen new applications that were never identified before and which Luminati asserts are merely additional instances of a theory already disclosed in previous contentions.

NetNut also objected to the timeliness of the new contentions regarding the '968 Patent. Luminati responded that NetNut moved to compel infringement contentions on February 12, 2021, and that Luminati provided those additional examples in response. Luminati further argues that NetNut had the benefit of that information throughout this case, prior to depositions and expert reports, and that the parties have operated under the Fourth Amended Contentions throughout fact discovery.

At the hearing, when asked why those applications were not just additional versions of the same theory, NetNut argued the instrumentalities are browsers and web-scrapers. NetNut also stated that the experts have addressed the Fourth Amended Contentions in their reports. NetNut did not point to anything in the expert reports that indicates that these instrumentalities are different infringement theories as opposed to merely examples of the same theory.

The Court is persuaded that the thirteen new instrumentalities are not improper new infringement theories but rather merely additional examples of a broader theory. Thus, Luminati is permitted to amend the infringement contentions (in response to Defendant's motion to compel amended infringement contentions, which was withdrawn shortly before the hearing) to include

the thirteen instrumentalities as additional examples of a properly disclosed prior theory. Accordingly, the Court **GRANTS** Luminati's Motion to Amend and **DENIES** NetNut's Motion to Strike.

## II.     MOTION TO DEPOSE

At the July 22, 2021 hearing, the Court **GRANTED** Luminati's Motion to Depose with respect to Mr. Binhas, whom Luminati may depose without limitations other than those already imposed by the federal rules and the discovery order. The Court also **DENIED** Luminati's Motion to Depose with respect to Mr. Daniel on the finding that he is an apex witness, and Luminati has not attempted discovery from his company through less disruptive means.

## III.    MOTION TO COMPEL

Luminati's Motion to Compel moves to compel NetNut to produce "(a) financial information for the accused Proxy Services . . . (b) complete sales information . . . (c) traffic volume for the accused Proxy Services . . . and (d) a list of customers for the accused Proxy Services, each as requested in [Luminati's] interrogatories." Dkt. No. 100 at 2. Luminati's Motion to Compel also moves to compel NetNut to supplement interrogatory responses in accordance with the above "as well as (e) to clarify NetNut's position on non-infringing alternative #2 ("squid-cp.tar" file) and to produce all versions of the Proxy Server (Squid) software and configuration files for the accused Proxy Services during the relevant time period." *Id.* Finally, Luminati seeks an additional half-day 30(b)(6) deposition on topics related to NetNut's financial information, an additional half-day deposition of NetNut's CTO Mr. Kramer related to the technical information, and "[t]o the extent that such relief is granted after the June 18, 2021 expert report deadline in this case, [Luminati] further requests an order allowing it to supplement and/or amend its expert reports in light of the additional information." *Id.* Luminati's Motion to Compel was filed on June 14, 2021.

Regarding financial and sales information, Luminati seeks an update of data through June 30, 2021, and leave for its damages expert Dr. Becker to supplement his report in the lost profits category and complete a reasonable royalty analysis. Luminati asserts that Dr. Becker could not complete a reasonable royalty analysis because he didn't have the data from NetNut. NetNut stated that it has no objection to Luminati updating its financial numbers but does object to adding a brand-new reasonable royalty analysis in this case.

The Court agrees that there is significant unfairness and prejudice in permitting a brand-new reasonable royalty analysis at this stage. Luminati had received a list of revenue models and projections that NetNut testified are used to operate the business. While the Court may have been amenable to supplementing a reasonable royalty analysis with the newly audited P&L, Luminati produced no reasonable royalty analysis based on the information that it had. Dr. Becker could have relied on the models and projections that the business was operating on, as well as the earlier sales date. However, he chose not to offer any analysis of the reasonable royalty. Accordingly, the Court will not permit to amend the expert report at this late stage to include a new reasonable royalty analysis.

Regarding the configuration files, the e-discovery order in this matter states, "[f]or clarity, because of the undue burden or cost as contemplated by Federal Rule of Civil Procedure 26(b)(2)(B), no party is required to preserve, search, collect, process, review, or produce ESI from: . . . (vi) Server, system, or network logs . . . ." Dkt. No. 78 at 3. It is clear this section of the e-discovery order covers the log files and configuration files.

Regarding source code, the Court is satisfied that the only source code that is relevant is the source code that was timely produced on the source code computer. Accordingly, there is no basis to compel further source code production.

4

With the above requested information not compelled, there is no demonstrated need to update interrogatory answers or order new depositions. The Court further rejects Luminati's request to supplement or amend its expert reports. Accordingly, after due consideration, the Court **DENIES** Luminati's Motion to Compel.

### IV.    CONCLUSION

The Court **DENIES** NetNut's Motion to Strike and **DENIES** Luminati's Motion to Compel. The Court **DENIES** Luminati's Motion to Depose with respect to Mr. Daniel and **GRANTS** Luminati's Motion to Depose with respect to Mr. Binhas. The Court **GRANTS** Luminati's Motion to Amend.

Accordingly, the Court **ORDERS** that NetNut make Mr. Binhas available for a deposition without limitations other than those already imposed by the federal rules and the discovery order. The Court further **ORDERS** that Luminati has the Court's leave to serve the Fourth Amended Contentions.

**SIGNED this 23rd day of July, 2021.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE